## MARTIN C. VOVES v. GREAT NORTHERN RAILWAY COMPANY, a Corporation, and Moses Giddings.

(48 L.R.A. (N.S.) 30, 143 N. W. 760.)

This is an action to recover damages for an assault and battery upon Voves, a passenger, committed by Giddings, a passenger conductor of defendant company.   The jury were instructed that in their discretion they might allow exemplary damages, in addition to full compensatory damages, as against both Giddings and the railway company.   From a recovery both defendants appeal. *Held:*

**Punitive damages — railroads — employee — wrongful acts.**

1. Punitive damages were not recoverable as against the defendant corporation, it not having participated in the wrongful act of its employee nor approved thereof either before or after its commission.

**Damages — punitive — punishment — oppression — fraud — malice — master — servant — public policy.**

2. Section 6562, Rev. Codes 1905, authorizing the recovery of punitive damages by way of punishment, and their inclusion in the verdict "when the defendant has been guilty of oppression, fraud, or malice," has no application

---

Note.—In apparent harmony with the above case is the decision in Norfolk & P. Traction Co. v. Miller, 98 C. C. A. 453, 174 Fed. 607, which holds that a railroad company would not be liable for punitive damages for assault by a servant unless it authorized, participated in, or ratified his act.   This case is referred to on page 1203 of the note in 32 L.R.A. (N.S.) 1201, on the question of a carrier's liability for assault by servant on passenger while on train.   And upon the liability of a carrier for assaults by employees upon passengers, generally, see notes in 14 L.R.A. 738; 32 Am. St. Rep. 90; and 95 Am. St. Rep. 100.

On the question as to how far carrier's liability for assault is affected by misconduct of passenger, see note in 40 L.R.A. (N.S.) 1070.

under the facts in this case, that being a general statute applying to all defendants who have acted with malice; while here the act of the servant is not imputed to the corporate master under the doctrine of *respondeat superior*, except, because of grounds of public policy and necessity, to the extent only of holding such master for full compensatory damages for which the defendant company is concededly liable. Such doctrine is not extended to authorize punitive damages imposed solely as a punishment to the defendant, in the absence of proof that such principal has authorized, sanctioned, or ratified the malicious act of the employee.

**Master — servant — assault — acts — ratification — question — jury — evidence — instructions — exemplary damages.**

3. Defendant Giddings had been for more than eleven years in the employ of the defendant company as conductor prior to the alleged assault, and the testimony is undisputed to the effect that this was the first and only trouble he had ever had of a similar nature; that he was not intoxicated and never has used intoxicants; that complaint was made the next day after the occurrence to the company officials; but the company thereafter continued defendant in their employ, not discharging him. *Held:*

(a) Such facts do not constitute proof of any ratification by the company of the assault made by the conductor upon the plaintiff.

(b) Because of failure to discharge the employee, the company cannot be held to have ratified his act, nor is it sufficient evidence of itself to warrant the submission of the question of ratification to the jury.

**Assignments of error.**

4. Other assignments of error examined and overruled.

**Evidence — findings — jury — malice — instructions.**

5. As to defendant Giddings, the evidence was sufficient to sustain the finding of the jury that he had acted wrongfully and with malice toward plaintiff, and sufficient to support the instructions given as to exemplary damages; and the judgment as to him is affirmed.

**Judgment — new trial.**

6. The judgment entered as to the defendant company is set aside and a new trial granted.

Opinion filed October 11, 1913.

Appeal from a judgment of the District Court for Richland County, *Allen,* J.

Affirmed as to one appellant and reversed as to the other.

*Murphy & Duggan,* for appellants.

Punitive damages cannot be awarded against the defendant company, and only compensatory damages if any should be given against defend-

ant Giddings. Doerheofer v. Shewmaker, 123 Ky. 646, 97 S. W. 7; Georgia R. & Electric Co. v. Davis, 6 Ga. App. 645, 65 S. E. 785.

Punitive damages are not matter of right or compensation, but are allowed in proper cases as a punishment or deterrent. Lake Shore & M. S. R. Co. v. Prentice, 147 U. S. 101, 37 L. ed. 97, 13 Sup. Ct. Rep. 261.

Punitive damages cannot be inflicted on a master without his participation in or ratification of the tort, and *never* as a matter of right. Topolewski v. Plankington Packing Co. 143 Wis. 52, 126 N. W. 554; Robinson v. Superior Rapid Transit R. Co. 94 Wis. 345, 34 L.R.A. 205, 59 Am. St. Rep. 896, 68 N. W. 961; Patry v. Chicago, St. P. M. & O. R. Co. 77 Wis. 218, 46 N. W. 56; Cobb v. Simon, 119 Wis. 597, 100 Am. St. Rep. 909, 97 N. W. 276.

There must be some authorization from the master, or participation in or ratification of the wrongful act of the servant, and ratification cannot be found from the mere fact of the retention of the servant after the act. Cobb v. Simon, 119 Wis. 597, 100 Am. St. Rep. 909, 97 N. W. 276; Haehl v. Wabash R. Co. 119 Mo. 325, 24 S. W. 737; Smith v. Middleton, 112 Ky. 588, 56 L.R.A. 484, 99 Am. St. Rep. 308, 66 S. W. 388; Hagen v. Providence & W. R. Co. 3 R. I. 88, 62 Am. Dec. 377; Craker v. Chicago & N. W. R. Co. 36 Wis. 657, 17 Am. Rep. 504, 8 Am. Neg. Cas. 665; Robinson v. Superior Rapid Transit R. Co. 94 Wis. 345, 34 L.R.A. 205, 59 Am. St. Rep. 896, 68 N. W. 961; Topolewski v. Plankington Packing Co. 143 Wis. 52, 126 N. W. 554; International & G. N. R. Co. v. Garcia, 70 Tex. 207, 7 S. W. 802; Chicago, R. I. & P. R. Co. v. Newburn, 27 Okla. 9, 30 L.R.A.(N.S.) 432, 110 Pac. 1065; Moore v. Atchison, T. & S. F. R. Co. 26 Okla. 602, 110 Pac. 1059; Stuyvesant v. Wilcox, 92 Mich. 233, 31 Am. St. Rep. 580, 52 N. W. 617; Trabing v. California Nav. & Improv. Co. 121 Cal. 137, 53 Pac. 644; Redwood v. Metropolitan R. Co. 6 D. C. 302; Haines v. Schultz, 50 N. J. L. 481, 14 Atl. 488; Sullivan v. Oregon R. & Nav. Co. 12 Or. 392, 53 Am. Rep. 364, 7 Pac. 508, 8 Am. Neg. Cas. 578; Trinity & S. R. Co. v. O'Brien, 18 Tex. Civ. App. 690, 46 S. W. 389; Cleghorn v. New York C. & H. R. R. Co. 56 N. Y. 47, 15 Am. Rep. 375; Ricketts v. Chesapeake & O. R. Co. 33 W. Va. 433, 7 L.R.A. 354, 25 Am. St. Rep. 901, 10 S. E. 801; Lake Shore & M. S. R. Co. v. Rosenzweig, 113 Pa. 519, 6 Atl. 545, 10 Am. Neg. Cas. 79; Louisville & N. R. Co. v. Whitman, 79 Ala. 328, 8 Am. Neg. Cas. 9;

Chicago, B. & Q. R. Co. v. Bryan, 90 Ill. 126, 8 Am. Neg. Cas. 175; Nashville & C. R. Co. v. Starnes, 9 Heisk. 52, 24 Am. Rep. 296; Maisenbacker v. Society Concordia, 71 Conn. 369, 71 Am. St. Rep. 213, 42 Atl. 67; Keene v. Lizardi, 8 La. 33; McCarthy v. De Armit, 99 Pa. 72.

*Geo. W. Freerks,* for respondent.

Punitive or exemplary damages are allowable against a corporation master for the wanton, wrongful, and malicious acts of the servant, committed while in and about the work of his employment. 1 Harris, Damages by Corp. 9.

Such damages may be given for gross or wanton negligence or malice. Southern Kansas R. Co. v. Rice, 38 Kan. 398, 5 Am. St. Rep. 766, 16 Pac. 817, 5 Am. Neg. Cas. 274; Philadelphia Traction Co. v. Orbann, 119 Pa. 37, 12 Atl. 816, 10 Am. Neg. Cas. 133.

In any case where such damages are recoverable against the servant in fault, they should be allowed against the master. Shearm. & Redf. Neg. 4th ed. § 749; 1 Harris, Damages by Corp. 9; Citing Maine, Missouri, and 2 Harris, Damages by Corp.; Lake Shore & M. S. R. Co. v. Prentice, 37 L. ed. 100, note; Fell v. Northern P. R. Co. 44 Fed. 248, 7 Am. Neg. Cas. 254; Singer Mfg. Co. v. Holdfodt, 86 Ill. 455, 29 Am. Rep. 43; St. Louis, A. & C. R. Co. v. Dalby, 19 Ill. 353; New Orleans, J. & G. N. R. Co. v. Hurst, 36 Miss. 660, 74 Am. Dec. 785; Atlanta & G. W. R. Co. v. Dunn, 19 Ohio St. 162, 2 Am. Rep. 382; Goddard v. Grand Trunk R. Co. 57 Me. 202, 2 Am. Rep. 39, 8 Am. Neg. Cas. 316; Jeffersonville R. Co. v. Rogers, 38 Ind. 116, 10 Am. Rep. 103; Bixby v. Dunlap, 56 N. H. 456, 22 Am. Rep. 475.

Corporations may be held liable for torts involving a wrongful intention, and exemplary damages may be recovered against them for the wrongful acts of their servants done in the course of their employment. Wheeler & W. Mfg. Co. v. Boyce, 36 Kan. 350, 59 Am. Rep. 571, 13 Pac. 609; Western News Co. v. Wilmarth, 33 Kan. 510, 6 Pac. 786; Times Pub. Co. v. Carlisle, 36 C. C. A. 475, 94 Fed. 762; Louisville & N. R. Co. v. Ballard, 85 Ky. 307, 7 Am. St. Rep. 600, 3 S. W. 530; Claiborne v. Chesapeake & O. R. Co. 46 W. Va. 363, 33 S. E. 262; Chesapeake & O. R. Co. v. Dodge, 23 Ky. L. Rep. 1959, 66 S. W. 606; Hart v. Charlotte, C. & A. R. Co. 33 S. C. 427, 10 L.R.A. 794, 12 S. E. 9; Hanson v. European & N. A. R. Co. 62 Me. 84, 16 Am. Rep. 409, 8 Am. Neg. Cas. 336.

This doctrine can be more beneficially applied to railroad corporations, in their capacity of carriers of passengers, than in any other class of cases. Louisville & N. R. Co. v. Garrett, 8 Lea, 438, 41 Am. Rep. 645; Cowen v. Winters, 37 C. C. A. 628, 96 Fed. 929 (C. C. A. 6th C.); New Orleans, J. & G. N. R. Co. v. Bailey, 40 Miss. 453; Canfield v. Chicago, R. I. & P. R. Co. 59 Mo. App. 354; Denver & R. G. R. Co. v. Harris, 122 U. S. 597, 30 L. ed. 1146, 7 Sup. Ct. Rep. 1286; Rockford, R. I. & St. L. R. Co. v. Wells, 66 Ill. 321; Rucker v. Smoke, 37 S. C. 377, 34 Am. St. Rep. 758, 16 S. E. 40; Malloy v. Bennett, 15 Fed. 371; Chicago, B. & Q. R. Co. v. Bryan, 90 Ill. 126, 8 Am. Neg. Cas. 175.

Goss, J. This action is to recover damages resulting from an assault and battery by defendant Giddings, inflicted on the plaintiff, Voves, while the plaintiff was riding in a passenger coach of the defendant company from Breckenridge to Wahpeton. The plaintiff has made both the conductor and the company employing him defendants in a suit for $2,000 alleged damages. Plaintiff's version of the affair, as related in the testimony of himself and witnesses, is sufficient upon which the jury could have found an unprovoked, unwarranted, and malicious assault to have been made upon him by defendant Giddings. In justice to the defendants, their testimony tends to show an almost, if not quite, complete justification of whatever was done by the conductor, who admittedly, in an altercation, struck the plaintiff in the eye, causing a "black eye." No other personal injuries of much consequence were inflicted. Plaintiff was a young man of twenty-one, strong, vigorous, and athletic, and from his own testimony certainly did nothing to avoid trouble. He was employed as a clerk at Wahpeton. He lost no wages nor time as a result of the affray. The jury, evidently, discounted plaintiff's case considerably by returning a moderate verdict of $200 against the defendants, who appeal evidently more to test the principles of law involved than to avoid all liability.

Although several assignments of error are urged, we believe none of them can be seriously advanced, excepting one arising on the court's instructions, in which the jury were instructed that they might assess punitive damages against the defendant railway company. There can be no doubt, under the evidence, as to the propriety of such an instruc-

tion as to defendant Giddings. But the instruction given as to the company raises the vexing question as to whether a corporation common carrier is liable for punitive damages, because of the conduct of its ordinary employee who, while discharging his duties in the course of his employment, makes an unwarranted assault upon the passenger then in the safe-keeping and under the protection of the carrier.

That no confusion in application of principles may be brought in question, we will here state that defendant Giddings is shown by the proof to have been employed as a conductor of the Great Northern Railway Company prior to the incident in question for over eleven and one-half years, and preceding which employment he was a brakeman for a year and a half; that he has never been in any similar trouble before; never uses intoxicating liquors; had no ill-will against the plaintiff, never having known him, nor, to his knowledge, seen him until this occurrence; that the plaintiff, the next day after the alleged assault, reported his version of it to the managing officials of the defendant company, who, after examining into the merit of the affair, have retained Giddings in their employ; that this action was brought two days after the alleged assault took place. This is all the evidence bearing on the ratification by the company of what was done by the conductor.

This court has never declared the law of this jurisdiction upon the question of punitive damages. In a case from Dakota territory the Federal circuit court, in 1890, in Fell v. Northern P. R. Co. 44 Fed. 253, 7 Am. Neg. Cas. 254, announced a rule of corporate liability for exemplary damages based upon § 1946 of the Revised Codes of Dakota territory of 1877, identical with our Code, § 6562, Rev. Codes 1905, and in part upon the holding of the United States Supreme Court in Milwaukee & St. P. R. Co. v. Arms, 91 U. S. 489, 23 L. ed. 374, decided in 1876, and to the effect that "exemplary damages may be awarded against a master though the wrong complained of was the act of his servant, not authorized nor ratified by him." The extent to which this Federal holding has been followed in this state is largely a matter of conjecture. Suffice it to say that the time has now come when the law as to the company's liability for exemplary damages for malicious, tortious acts of its employees must be declared. Volumes have been written on the respective sides of the question. A direct conflict exists between the various jurisdictions, part of the states permitting recovery of the

carrier for exemplary damages, part denying generally the carrier's liability for such damages, and still others giving importance to a varying extent to a theory of ratification by the master of the employee's acts, the practical effect of which often is to hold the carrier for liability as effectually as though the rule of liability for exemplary damages had been adopted in the beginning.

It is true that the law as declared by § 6562, Rev. Codes 1905, which we regard but declaratory of the common law on the subject, had, long prior to its codification in the territorial statutes, been the declared and, excepting in a few jurisdictions, the generally accepted common-law doctrine. For its growth and a general discussion of the law of damages in this connection, see chap. 16 of Sedgwick on Damages. Looking upon the statute as but declaratory of established common law upon exemplary damages, we can see no applicability of that statute to the question before us. It declares: "In any action for the breach of an obligation not arising from contract, when the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant."

Of course, in any action of the kind exemplary damages may be returned "when the defendant has been guilty of oppression, fraud, or malice, actual or presumed." Such is the conceded law applying to all defendants. But the troublesome question is, When should a corporation defendant be held to act and consequently be charged with malice? For what servants will a public service corporation, a common carrier, for the purpose of punitive damages assessed by way of punishment against it, be held to have acted, that malice may be established by imputation or presumption? And here arises the conflict, not in the general law as declared by the statute, but in its application to corporate masters.

As to defendant Giddings, he has acted, and his responsibility for both compensatory and punitive damages is well settled. He should be held to the full statutory or common-law limit of his responsibility for his malicious act. But should defendant company also be charged with imputed malice because of his conduct is the question we do not regard as settled by the statute, § 6562. Any act on its part is but the result of an inference or imputation cast by law from the act of its

employee.  In fact it entertained no malice.  Should its responsibility be held to extend beyond all actual damages suffered and recoverable under our liberal rules permitting recovery for all physical injuries, including mental pain, suffering, and humiliation, and it, in addition thereto, be penalized and punished equally with the real tort feasor, Giddings, for his actual malice, and thus allow the jury to arbitrarily declare a recovery in plaintiff's favor against the corporation, amounting to but the infliction of a fine under the guise of damages, and in addition to actual compensation for all damages suffered, is the question.  Plaintiff urges that the statute, § 6562, Rev. Codes 1905, applies to every defendant who may be liable for compensatory damages.  To this we cannot agree, unless the act of malice, fraud, or oppression be that of the defendant thus liable.  A farmer sends his employee to market.  In the course of his employment he runs over a child under circumstances from which malice may be inferred, and both master and servant are made defendants in an action at law to recover damages for the child's injury.  No one would seriously contend that § 6562 would affect the master's liability, and render him responsible for exemplary damages.  The distinction between the liability of such master and this corporate master, for the act of the employee, arises from the application of the doctrine of *respondeat superior*, created and adopted from necessity under considerations of public policy, under which doctrine the corporate master is held under a fiction in law to be acting as and when his servant acts, within the scope of the employment, as to the master's liability for compensatory damages; and the question before us is whether such liability, founded upon such doctrine, shall be extended to allow recovery of punitive damages, the allowance of which rests not upon the theory of compensation, but that of the infliction of punishment.  Had the child been thus injured by the employee at the direction of the master, or had the plaintiff here been beaten by Giddings at the master's request or pursuant to some rule of the company directing it, the statute, § 6562, would apply in both cases, as in both instances the masters have acted and with malice.  But because, in the first instance, the master has not acted, and is not responsible for the act of the servant; and because, in the second instance, the corporation, on grounds of public policy, has been held, by legal fiction, to have acted to the extent of responsibility for compensatory damages,

—is no valid reason why it should also be held for smart money, punitive damages, and the malice of the servant be imputed to the corporation for the purpose of punishment only. As between the private master and his servant, such an imputation would be contrary to the fact. It is equally so between the master and servant in this case. And the liability of the master in either case would be the same, except that necessity and public policy renders the corporate employer liable for compensatory damages, but does not apply to the other. The question, then, resolves to whether or not, for the same reasons for which compensatory damages against the carrier is allowed, such defendant should be held in punitive damages also. All question of the statute, § 6562, is eliminated, as that does not apply unless we say arbitrarily that the basis for its application exists, and therefore assume the malice of the employee to be that of the employer in this instance of corporate employment. Such assumption upon which to base an application of the statute, § 6562, assumes the very question for decision, and therefore, by *ipse dixit*, concludes the case against defendant company.

We will now consider what the courts have said on the real question, that of whether defendant corporation can be held for punitive damages for the unauthorized and unratified malicious acts of its employee. A classification of the courts that have held upon the question is made by Labatt on Master and Servant, vol. 7, §§ 2554–2556. According to that authority "a corporation may be held liable to exemplary or punitive damages for such acts done by its agents or servants, acting within the scope of their employment, as would, if done by an individual acting for himself, render him liable for such damages," in Alabama, Arkansas, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Mississippi, Missouri, New Hampshire, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, West Virginia. See §§ 2554, 2555, and cases cited thereunder. Those holding the contrary doctrine, and that "the liability of railroad companies and other corporations, and of natural persons, sought to be charged with exemplary damages for wanton or oppressive acts of their agents or servants not participated in or ratified by the principal or master, has been denied in" California, Colorado, Connecticut, Hawaii, Louisiana, Michigan, New Jersey, New York, Oregon, Rhode Island, Texas, Vermont, Virginia, Wisconsin, and by the United States Supreme Court. See also Washington in

Spokane Truck & Dray Co. v. Hoefer, 2 Wash. 45, 11 L.R.A. 689, 26
Am. St. Rep. 842, 25 Pac. 1072. The citations in Thomp. Corp. 2d
ed. §§ 5520 et seq.; Harris, Damages by Corp. § 250; 3 Sutherland,
Damages, 3d ed. §§ 951 et seq.; Sedgw. Damages, §§ 357 et·seq.;
Joyce, Damages, §§ 135 et seq.; and Morawetz, Priv. Corp. 2d ed.
§§ 728 et seq., verify such classification. The case in which the Su-
preme Court of the United States declared its rule arose in 1893, and
is that of Lake Shore & M. S. R. Co. v. Prentice, 147 U. S. 101, 37 L.
ed. 97, 13 Sup. Ct. Rep. 261, where a conductor of the defendant's
train, "without cause, had the plaintiff seized, taken. from the train,
searched, publicly humiliated, and imprisoned." At the trial the
defendant admitted its liability for full compensatory damages, but
excepted to the court's instructions that the jury might "add something
by way of punitive damages against the defendant, which is sometimes
called smart money, if you are satisfied that the conductor's conduct
was illegal (and it was illegal), wanton, and oppressive." And the
appellate court, after carefully reviewing many authorities, announced
a rule contrary to that pronounced in Fell v. Northern P. R. Co. 44 Fed.
253, 7 Am. Neg. Cas. 254, and exonerated defendant company from
liability for punitive damages, adopting the Rhode Island rule that
"punitive or vindictive damages, or smart money, were not to be al-
lowed as against the principal unless the principal participated in the
wrongful act of the agent, expressly or impliedly, by his conduct author-
izing it or approving it either before or after it was committed." Many
Federal holdings are digested and cited in vol. 12, Rose's Notes (U. S.)
296, 297. The decisions leave nothing new to be said on this subject.
A review of part of them would be useless. To discuss the many hold-
ings as to each state would accomplish nothing except to show that
states favoring the allowance of punitive damages are continually limit-
ing its application as occasion requires, to avoid too frequent instances
of injustice. We have decided to adopt the rule of nonliability for
punitive damages under the circumstances in evidence, which rule, to
our minds, has the support of the great weight of reason and precedent.

As to ratification by the company of the acts of the servant, because
of its failure to discharge him, ratification from that fact alone cannot
and should not be inferred. We are in accord with the rule announced
in Dillingham v. Anthony, 73 Tex. 47, 3 L.R.A. 634, 15 Am. St. Rep.

753, 11 S. W. 139; Toledo, St. L. & W. R. Co. v. Gordon, 74 C. C. A. 289, 143 Fed. 95, and similar holdings, to the effect, quoting from the last case cited, that "it would . . . be a harsh rule—harsh in its effect on all employees—that would hold a railway company to have ratified the employee's act, merely because before trial the employee was not discharged. Such rule would put their continued employment in jeopardy every time an accident occurred, not because the employee was shown to have been guilty of wanton conduct, but because the railway company stood in danger that wantonness might be established."

Under the facts in evidence there is no proof sufficient to warrant a finding of ratification of Gidding's conduct by the defendant common carrier.

In this case both defendants have appealed. As before stated, we find no error in the trial except on instructions as to punitive damages as given concerning the company only, the instructions as to defendant Giddings being within the scope of the proof. The assignments urged as to the correction of the verdict by the jury has no merit. In the verdict as first reported by the jury, and before its reception, an ambiguity was discovered in that it was impossible to determine whether the verdict was for $100, against each defendant separately, making a $200 recovery, or a joint verdict, a $100 recovery. Upon ascertaining that a $200 joint and several recovery was intended, the court allowed the jury to return to their jury room, correct their verdict, and report the same accordingly, which was then received and the jury were discharged. We see nothing upon which prejudice could be predicated on the proceedings had on the return of the verdict.

As to the defendant Giddings the trial had is free from error. The judgment as to him should be affirmed. (Rev. Codes 1905, § 7227.) As to the defendant company we cannot say but that part, if not all, of the verdict was found as exemplary damages. Concededly the defendant company is liable for such damages only as would compensate for actual injury suffered by the plaintiff. Measured by this rule, compensatory damages only can be recovered of defendant company. The judgment entered against the Great Northern Railway Company, defendant, is ordered set aside and as to it a new trial is granted. The judgment as to defendant Giddings is affirmed. Respondent will recover judgment against Giddings for costs of printing his brief and

his disbursements on appeal. Appellant railway company will recover of plaintiff judgment for its abstract and brief and its disbursements on appeal. It is so ordered.

BRUCE, J., dissenting in part. I agree thoroughly with the supreme court of Washington (Spokane Truck & Dray Co. v. Hoefer, 2 Wash. 45, 11 L.R.A. 689, 26 Am. St. Rep. 842, 25 Pac. 1072) that the doctrine of punitive damages is an anomaly in the law, has no sound reason behind it, and should be abolished. It is nothing more nor less than "a hybrid between a display of ethical indignation and the imposition of a criminal fine." (Haines v. Schultz, 50 N. J. L. 481, 14 Atl. 488.) I am firmly convinced that all that a plaintiff should be allowed to show and to recover in a civil action are his actual damages, and that it is for the state, and not for the individual, to impose and collect a fine. I believe, in short, that § 6562 of the Revised Codes of 1905 should be repealed. The statute, however, is still to be found in our Code. It provides: "In any action for the breach of an obligation not arising from contract, when the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant." While it remains in the Code, I believe that corporations are liable in a case like the one at bar under its provisions, for the simple reason that "a corporation is an imaginary being. It has no mind but the mind of its servants; it has no voice but the voice of its servants; it has no hands with which to act but the hands of its servants." (Goddard v. Grand Trunk R. Co. 57 Me. 202, 2 Am. Rep. 39, 49.) The conductor was the sole representative of the company on the ground. He, to all intents and purposes, was the company. He was the officer in charge of the train. It is true that in the presence of a superior agent or officer his powers might dwindle into insignificance, but in the absence of such he was in command. The company had perforce to act and to express itself through living instrumentalities, as in itself it had no vitality, and it was acting through and in him. If a corporation cannot be held liable in punitive damages for the acts of such an officer, then it should not and cannot be held liable for punitive damages at all. See Shearm. & Redf. Neg. 6th ed. § 749.