Argued April 17, reversed and remanded May 29, objections to cost bill overruled June 12, 1928. Argued on rehearing July 9, former opinion adhered to September 25, 1928.

# RUBY S. GILL v. DR. LAURENCE SELLING ET AL.

(262 Pac. 812.)

**Physicians and Surgeons—That Physicians Performed Unnecessary Operation Intended for Another Held to Establish Prima Facie Negligence.**

1. That physicians, through mistake of their assistants, performed unnecessary operation of puncturing spine of plaintiff, who had called to report for other treatment, *held* to make out *prima facie* case of physicians' negligence, as against objection that plaintiff gave her consent by failing to question or object to such treatment.

**Damages—It is for Jury to Assess Punitive Damages for Physicians' Negligence, After Court, as Preliminary Matter of Law, has Determined That It is Proper Matter for Jury's Consideration.**

2. Whether evidence of physicians' negligence in performing unnecessary operation is sufficient to go to jury on issue of punitive damages is a preliminary question of law for court to determine, and it is for jury, in exercise of its discretion, to assess such damages after court has held that it is a proper matter for its consideration.

**Damages—Punitive Damages are Allowable Only Where Negligent Act was Done Wantonly, Maliciously or Wickedly.**

3. Punitive damages are awarded on theory of punishment and as deterrent on others who might commit similar wrongs in cases involving wanton, malicious, wicked or grossly negligent acts.

**Physicians and Surgeons—Patient on Whom Physicians Performed Unnecessary Spinal Test Intended for Another Held not Entitled to Punitive Damages.**

4. Where spinal test, involving puncture of spine and withdrawal of spinal fluid, was unnecessarily made on plaintiff instead of an another patient, as result of negligence of physicians' assistants, question of punitive damages should not have been submitted to jury, in absence of any evidence tending to show that physicians were actuated by bad motives or intent to injure plaintiff or that they acted with utter indifference as to effect thereof on her, but her recovery should have been limited to compensatory damages.

---

1. Liability of physician or surgeon for acts of associate, see note in 42 L. R. A. (N. S.) 785. See, also, 21 R. C. L. 393. Responsibility of physician or surgeon for acts or neglect of substitute, see note in 4 A. L. R. 191.

3. When punitive or exemplary damages are allowable, see notes in 27 Am. Dec. 684; 50 Am. Dec. 767; 28 Am. St. Rep. 870; 101 Am. St. Rep. 732. See, also, 8 R. C. L. 581 et seq.

Appeal and Error—In Absence of Segregation of Damages, Appellate Court must Infer That Punitive Damages Submitted to Jury were Included in Verdict.

5. Where questions of both punitive and compensatory damages were submitted to jury in action against physicians for performing unnecessary operation intended for another, appellate court must infer that punitive damages were included in the verdict, where there was no segregation of damages, particularly in view of large amount of such verdict.

Physicians and Surgeons—Physician, Whose Associate Performed Unnecessary Spinal Puncture Test, Held not Liable for Punitive Damages on Principle of Agency.

6. Where unnecessary spinal puncture test was given to patient of Dr. S. by his associate physician, M., as result of negligence of their office assistants, *held* that, even if evidence warranted finding of punitive damages against M., S. would not be liable on principle of agency other than for compensatory damages, where he was not present when test was made nor in any way participated in operation, and did not authorize nor subsequently approve it.

Principal and Agent—Principal may not be Held in Punitive Damages for Agent's Act Without His Knowledge or Ratification.

7. A principal may not be held in punitive damages for the act of his agent, where done without his knowledge or subsequent ratification.

Trial—There is No Apportionment of Damages Between Joint Tortfeasors.

8. There is no apportionment of damages between joint tortfeasors.

Physicians and Surgeons — Plaintiff, by Suing Two Physicians, One of Whom was in No Event Liable for Punitive Damages, Waived Right to Punitive Damages.

9. Where at least one of two physicians, sued for negligence in performing unnecessary spinal puncture operation, was not liable for punitive damages, plaintiff, by suing both together, waived punitive damages.

---

Appeal and Error, 4 C. J., p. 1182, n. 31.
Damages, 17 C. J., p. 712, n. 48, p. 968, n. 70, p. 986, n. 8, p. 989, n. 48, p. 1057, n. 55, 56.
Physicians and Surgeons, 30 Cyc., p. 1591, n. 13.

From Multnomah: LOUIS P. HEWITT, Judge.

---

5. See 8 R. C. L. 669.
7. Liability of principal or master in exemplary damages for the acts of his servant or agent, see notes in 62 Am. Dec. 379; 27 L. R. A. 193; 48 L. R. A. (N. S.) 35. See, also, 8 R. C. L. 597.
8. Right of jury to apportion or sever damages between joint tort-feasors, see note in 30 A. L. R. 790. See, also, 8 R. C. L. 667.

Department 2.

> REVERSED AND REMANDED.   OBJECTIONS TO COST
> BILL OVERRULED.

For appellants there was a brief over the names
of *Messrs. Senn & Recken* and *Mr. Omar C. Spencer,*
with an oral argument by *Mr. F. S. Senn.*

For respondent there was a brief and oral argu-
ment by *Mr. John C. McCue.*

BELT, J.—This is an action for damages arising
out of alleged negligence of the defendants. The de-
fendants are physicians and surgeons associated to-
gether in the practice of their profession at Portland,
Oregon. The plaintiff was a patient of Dr. Selling.
On March 31, 1926, she was given a thorough physical
examination, including a blood test. Dr. Margason
assisted in this work. She was instructed to return
on the following Monday, April 5th, for report of the
examination. It appears that another woman pa-
tient, upon whom a spinal puncture test was to have
been made, had an appointment at the same time.
The plaintiff returned at the designated hour and
with several other patients was waiting in the recep-
tion-room. According to plaintiff's testimony one of
the staff nurses "came to the reception-room and told
me, without calling any name, to 'Come on.' "  Plain-
tiff complied. She says she asked the nurse, "What
are you going to do?" and was advised, "Oh, that is
nothing, we are going to give you a test something
like a blood test." Plaintiff removed her clothing,
was wrapped in a sheet, and told to get on the oper-
ating table. She says the nurse told her, "Dr.
Margason will perform this operation." Plaintiff

testified that she had no knowledge of the kind of operation or test to be performed, but followed the directions of those having her in charge. Dr. Margason made a spinal test in the usual manner, by inserting a hypodermic needle about three inches below the spinal cord and withdrawing a small quantity of spinal fluid. There is no contention that the test was not done in a proper or skillful manner. It is conceded that it was not intended for the plaintiff, but was given through mistake, having been intended for another patient named Mrs. Stone. Dr. Selling, with commendable frankness, testified that such test was not necessary in plaintiff's case and was made as a result of "carelessness of the assistant in the office."

Plaintiff's action is based upon negligence in that the defendants, without her knowledge or consent, unnecessarily and carelessly performed a spinal puncture upon her, under the mistaken belief that she was a woman by the name of Stone. Plaintiff claims that, as a result of this test, she has suffered and still suffers great physical and mental pain. She complains of severe headaches, nausea and pains in her legs.

Plaintiff asked judgment for compensatory and punitive damages aggregating $15,000.

Defendants admitted that they were associated together in the practice of medicine and surgery, but denied all other allegations of the complaint.

Verdict and judgment was had for plaintiff against both defendants in the sum of $6,250. There was no segregation of compensatory and punitive damages in the verdict. Defendants appeal.

1. It was not error to deny defendants' motion for nonsuit and directed verdict. To subject a patient,

under such circumstances, to an admittedly unnecessary operation of this kind is, indeed, evidence of negligence. The argument that she consented to the spinal puncture does not appeal to us. Neither did it to the jury. Most patients place implicit confidence and trust in their physicians. They do what they are told to do. Questions by the patient are usually not in order. There is evidence that the plaintiff did not know the nature of the test to be performed. If such is true, how could she have given consent? We agree with the trial court that a *prima facie* case of negligence was established.

2, 3. Did the court err in submitting to the jury the question of punitive damages? Whether the evidence was sufficient to go to the jury on this issue was a question of law for the court to determine: *Rennewanz* v. *Dean,* 114 Or. 259 (229 Pac. 372). It is for the jury, in the exercise of its discretion, to assess such damages after the court, as a preliminary matter of law, has held that it is a proper matter for its consideration. The mere fact in itself that the defendants may have been negligent does not warrant inclusion in the verdict of the jury of what is sometimes referred to as "smart money." Punitive or vindictive damages are assessed on the theory of punishment and as a deterrent effect on others who might commit similar wrongs. Ordinarily the person who has been injured must be content with full and complete compensation. It is only in exceptional cases of negligence that the law will permit punitive damages to be awarded. The rule was well stated by Mr. Justice STRAHAN in *Day* v. *Holland,* 15 Or. 464 (15 Pac. 858), and cited with approval in *Hamerlynck* v. *Banfield,* 36 Or. 436 (59 Pac. 712), as follows:

"Where a tort is committed with a bad motive, or so recklessly as to imply a disregard of social obligations, and generally when the defendant appears to have done the act wantonly, maliciously, or wickedly, the jury may, in their discretion, give exemplary damages."

In *Rennewanz* v. *Dean, supra,* it is said such damages are awarded where the defendant is grossly negligent. The court did not in the case last cited define "gross negligence." Since no precise meaning was given to the term, that case is not helpful in determining whether the question of punitive damages should have been submitted to a jury under this state of facts. In 20 R. C. L. 23, it is said:

" 'Gross' negligence, however, is not characterized by inadvertence, but 'by an absence of any care on the part of a person having a duty to perform to avoid inflicting an injury to the personal or property rights of another, by recklessly or wantonly acting or failing to act to avoid such injury, evincing such an utter disregard of consequences as to suggest some degree of intent to cause such injury.' "

4, 5. Viewing the evidence in the light most favorable to plaintiff and measuring the conduct of defendants by the standard of law announced, we reach the conclusion that the question of punitive damages should have been withdrawn from the consideration of the jury. The spinal test was made through inadvertence and mistake. Can it be said that it was performed with utter indifference as to the effect upon the patient? Is there any evidence tending to show that either of these doctors had no regard for the welfare of the plaintiff? Certainly they were not actuated by bad motives or any intent to injure. We think justice will be subserved when the defendants respond in compensatory damages. There was no

segregation of damages in the verdict and we must infer, especially in view of the amount of the award, that punitive damages were included.

6. Assuming that there was evidence to warrant a finding of punitive damages against the defendant Dr. Margason, it would not follow by reason of the relationship or the association of the doctors that the defendant Selling is liable on the principle.of agency other than for compensatory damages. He was not present when the test was made and did not in any way participate in the operation. He did not authorize nor did he subsequently approve it. It was performed without his knowledge or consent. Under any view of the evidence he should not be held liable in punitive damages. There are a few courts which would hold him liable on the theory of agency, but the great weight of authority is to the contrary: Mechem on Agency (2 ed.), § 2014; Sutherland on Damages (4 ed.), § 409; 8 R. C. L. 597; 17 C. J. 989; 5 Fletcher, Cyclopedia Corporations, p. 5278; *Lake Shore & Michigan Southern R. R. Co.* v. *Prentice,* 147 U. S. 101 (37 L. Ed. 97, 13 Sup. Ct. Rep. 261); *Broudy* v. Levin, 135 Va. 283 (116 S. E. 677, 32 A. L. R. 249); *Voves* v. *Great Northern R. R. Co.,* 26 N. D. 110 (143 N. W. 760, 48 L. R. A. (N. S.) 30).

7. In some jurisdictions the principal may be held in punitive damages for the act of his agent even though done without his knowledge or subsequent ratification, but not so in this jurisdiction. In a case wherein a corporation was defendant (*Sullivan* v. *Oregon Ry. & N. Co.,* 12 Or. 392 (7 Pac. 508, 53 Am. Rep. 364), this court approved the rule announced in *Cleghorn* v. *New York Cent. etc. R. R. Co.,* 56 N. Y. 44 (15 Am. Rep. 375), thus stated:

"The master is liable for such damages when he is chargeable with gross neglect in the employment or retention in his service of an incompetent servant, knowing at the time of his unsuitability, or that he authorized or ratified the act of the servant in the particular case."

In 2 Mechem on Agency, Section 2014, speaking of punitive damages, it is said:

"If they are to be awarded at all, it would seem that, however much they may be justified against the guilty servant or agent himself, they should not be awarded against the principal or master unless it can be shown that in some way he also has been guilty of the wrongful motives upon which such damages are based."

The decision in *Bingham* v. *Lipman,* 40 Or. 363 (67 Pac. 98), is not contrary to the conclusion reached in *Sullivan* v. *O. W. R. & N. Co., supra.* In the Bingham case a corporation was held liable in punitive damages for the act of its agents because, as the court said, the managing agents of the corporation participated in and sanctioned the alleged wrongful act and, therefore, made their principal liable.

8, 9. Even though it were conceded that there is sufficient evidence to go to the jury on the question of punitive damages as to the defendant Margason, it is certain that the other defendant, Dr. Selling, could not be held for such damages. A failure to establish a case against both defendants on this issue amounts to a waiver of punitive damages. There is no apportionment of damages between joint tortfeasors. In this jurisdiction plaintiff could not recover against these defendants in different amounts. As stated in Sutherland on Damages (4 ed.), Section 407:

"In such a case the plaintiff has his election to proceed against any or all of the wrongdoers. By making them all defendants he waives his right to exemplary damages if some of them are not subject thereto."

Also see 8 R. C. L. 596.

We see no merit in other assignments of error, but, for the reasons stated, the judgment is reversed and the cause remanded for a new trial.

REVERSED    AND    REMANDED.    OBJECTIONS    TO
COST BILL OVERRULED.

RAND, C. J., and BEAN and COSHOW, JJ., concur.