Argued December 9, 1936; affirmed January 5, 1937

## CHOLIA *v.* KELTY
(63 P. (2d) 895)

Department 2.

*Herbert P. Welch,* of Lakeview (J. H. Carnahan, of Klamath Falls, on the brief), for appellant.

*Wendell K. Phillips,* of Portland, and *Forrest E. Cooper,* of Lakeview (Sheppard & Phillips, of Portland,

and Forrest E. Cooper, of Lakeview, on the brief), for respondent.

BAILEY, J. The plaintiff, Matt Cholia, brought this action to recover from the defendant, H. E. Kelty, actual, special and exemplary damages for an alleged unauthorized surgical operation upon plaintiff by the defendant. The case was tried to the court and a jury and from a judgment entered on a verdict in favor of defendant the plaintiff has appealed.

According to the allegations of the complaint the defendant is a practicing physician and surgeon, duly licensed as such by the state of Oregon. On and prior to February 26, 1934, the plaintiff was suffering from two hernias, to wit: hernia, inguinal direct, on the left side, and hernia, inguinal indirect, incomplete, on the right side. On or about that date he consulted the defendant concerning an operation for both hernias at the same time, and on said date employed the defendant as his physician and surgeon at an agreed fee "to repair both of said hernias in one operation, and not otherwise".

The plaintiff alleges that on the date above mentioned he entered a hospital and "submitted to a surgical operation by this defendant having for its purpose the repair of both of said hernias, but that defendant wrongfully, wilfully, maliciously and in total disregard of his obligations to this plaintiff and the duty he owed this plaintiff as plaintiff's physician, and in reckless disregard of the rights of plaintiff in the premises and in violation of his contract with plaintiff, and without plaintiff's permission or consent, repaired only one hernia, to wit: the said indirect and incomplete inguinal hernia on the right side". The complaint further avers that because of such "unauthorized

assault and battery of this plaintiff by this defendant" as thereinbefore alleged, the direct inguinal hernia on plaintiff's left side became greatly aggravated and enlarged, causing plaintiff to suffer great mental and physical pain and anguish and compelling him to abandon his business for a period of 30 days. The allegations of the complaint were put in issue by the answer.

Plaintiff's cause of action against the defendant was not based on malpractice or breach of contract, but was presented as a demand for damages for assault and battery.

The only evidence produced by plaintiff at the trial was his own testimony. Without objection he testified that he had consulted the defendant, who had advised him that it was proper and possible to operate at one time to repair both of plaintiff's hernias; and that there had been a definite understanding between plaintiff and defendant that both hernias should be attended to in one operation and no surgery should be performed upon plaintiff to repair one hernia only. Plaintiff further testified that immediately prior to the operation he was given "a shot in the arm" and "a couple of different pills" and that he at once fell asleep and did not discover until after the operation was performed that only one hernia had been repaired.

The defendant called two witnesses, the court reporter at the former trial between these litigants, and the nurse who attended the plaintiff at the time of the operation. The reporter stated that at the former trial the plaintiff had testified to facts in regard to the fee paid to the defendant that were inconsistent with plaintiff's testimony at the trial of this case. The nurse testified that a local anesthetic only had been administered to plaintiff and that he was fully aware of the nature of the operation which was performed by the

defendant and knew that only one hernia was being repaired during that operation.

■ The plaintiff's opening brief presents twenty assignments of error, only three of which we shall here-inafter specifically discuss. The first of these three is based upon the alleged error of the court in striking paragraph III from plaintiff's original complaint. The allegations contained in that paragraph are evidentiary rather than factual in nature and refer to what occurred between the plaintiff and the defendant in regard to a preliminary physical examination of plaintiff by the defendant. The plaintiff testified without objection concerning all the matters contained in the allegations of this paragraph, and he was in no way prejudiced by the action of the court in striking the paragraph from the complaint. Moreover, all the facts constituting his cause of action against the defendant are sufficiently set forth in the remaining allegations of the complaint.

■■ The second of the assignments to be specifically discussed has reference to the action of counsel for the defendant in dictating to the court reporter in the presence of the jury the defendant's objections to the charge by the court to the jury. While counsel for the defendant was stating his objections counsel for plaintiff interrupted, saying: "If your honor please, we tried to dictate the exceptions not in the hearing of the jury, and I think Mr. Phillips should have done the same thing." This objection was overruled and plaintiff saved an exception. The entire statement made by counsel for defendant comprises less than a page and a half of the transcript and is directed to specific instructions which were given by the court. Another assignment of error was predicated on the court's refusal to grant a new trial because of this action of defendant's counsel. In an affidavit supporting the

motion for a new trial the plaintiff stated that the exceptions taken by defendant's counsel were uttered while he was facing the jury and "were delivered in a loud and argumentative tone of voice and spoken directly to the jury and were plainly heard by said jury, and that such exceptions, under the circumstances, were equivalent to a closing argument to said jury on behalf of said defendant". The manner of conducting a trial rests in the sound discretion of the court, and we can see here no abuse of such discretion. The jury could not have been prejudiced against the plaintiff's cause by the action of defendant's counsel, nor could the statement of counsel properly be termed argumentative.

■■ Plaintiff assigns as error the court's taking from the jury the question of exemplary damages. The sufficiency of the evidence to go to the jury on the matter of exemplary damages was a question of law for the court to determine: *Rennewanz v. Dean,* 114 Or. 259 (229 P. 372); *Gill v. Selling,* 125 Or. 587 (262 P. 812, 58 A. L. R. 1556). There was no evidence of recklessness, maliciousness, wantonness or carelessness on the part of defendant in performing the operation upon plaintiff, nor was there any evidence of wilful neglect on the part of defendant in said operation. The entire complaint seems to be based on the theory that defendant had agreed to perform an operation to repair or relieve both hernias at the same time and failed to do so. There was no error committed by the court in taking from the jury the question of exemplary damages.

All the remaining assignments of error have to do with the giving of certain instructions requested by the defendant and the refusal of the court to give other instructions requested by the plaintiff. A careful reading of the entire record in the case convinces us that the

plaintiff's cause was fairly submitted to the jury under appropriate instructions. It is true that some of the charge given was not in the identical language requested by plaintiff, yet, as often is the case, the instructions requested by plaintiff were more favorable to his cause than a fair presentation of the matter demanded.

We find no error committed by the trial court in prejudice of plaintiff's rights, and the judgment appealed from is therefore affirmed.

BEAN, BELT and RAND, JJ., concur.