Argued November 21, affirmed December 24, 1958

PEREZ *v.* THE CENTRAL NATIONAL
INSURANCE COMPANY ET AL
332 P. 2d 1066

*Ray G. Brown,* of Portland, argued the cause and filed a brief for appellant.

*Joseph Larkin,* of Portland, argued the cause for respondents. With him on the brief were Koerner, Young, McCulloch & Dezendorf, and John Gordon Gearin, all of Portland.

Before Perry, Chief Justice, and Rossman, Mc-Allister and O'Connell, Justices.

O'CONNELL, J.

The plaintiff recovered the sum of $89.00 for the conversion of an automobile sold without authority by the defendant, the Central National Insurance Company of Omaha acting through its agent, the defendant Roy F. Owen, Inc., an insurance adjuster. The plaintiff alleged that the sale was made "unlawfully, maliciously, and in furtherance of a scheme and a conspiracy to coerce and defraud plaintiff." Plaintiff prayed for punitive damages in the amount of $5,000. The jury returned a verdict of $89.00 general damages and $750 punitive damages. A judgment was entered on the verdict. On motion of the defendants the judgment for punitive damages was set aside. The plaintiff appealed from the order modifying the judgment in this respect.

The defendant insurance company had issued a $50 deductible collision policy on the automobile. As the result of a collision the automobile was a total loss. It was placed in a commercial garage in Portland. The defendant Roy F. Owen, Inc., acting through its employee, C. L. Thompson, obtained salvage bids and eventually sold the automobile to the highest bidder

for which it received a check in the amount of $166.49 payable to Roy F. Owen, Inc. This check was never cashed. No authority to sell the automobile had been given to either of the defendants.

Within a day or two after the sale the plaintiff met with Thompson to discuss settlement under the insurance policy. The plaintiff introduced evidence for the purpose of showing that at this conference Thompson attempted to obtain her signature to the settlement papers by threats that if she did not sign she would "get in trouble," which it is alleged referred to a matter not related to the adjustment of the loss of the automobile; that in filling out the proof of loss form Thompson did not credit plaintiff with the amount she was entitled to receive under the policy; and that this and other conduct in the settlement conference, when viewed in light of the unauthorized sale on the previous day, was enough to establish the requisite state of mind for a recovery of punitive damages. In other words, the plaintiff contends that the sale and the ensuing settlement conference must be treated as "connected circumstances" so that Thompson's unauthorized sale of the automobile is colored with his alleged "high-handed" conduct at the conference.

Upon this theory it is contended that the trial court erred in viewing the technical conversion as an isolated act separate and apart from the entire transaction. We think, however, that the trial court viewed the transactions correctly. At the time of the conversion Thompson had never met the plaintiff. We can, therefore, eliminate the possibility of malice directed toward the plaintiff. We do not think that the circumstances attending the sale can be characterized as "other circumstances of aggravation," whether the sale is viewed as an isolated transaction or in

conjunction with the conference held later. *Van Lom v. Schneiderman,* 187 Or 89, 107, 210 P2d 461 (1949).

The doctrine of punitive damages viewed in the most favorable light is subject to criticism. *Van Lom v. Schneiderman, supra.* It should not be extended past the point to which our precedents commit us. Under the circumstances of this case to relate back Thompson's conduct at the settlement conference to the time of the sale of the automobile would constitute such an extension. It was the function of the trial court to determine whether there was any substantial evidence of malice or other circumstances of aggravation calling for the application of the doctrine of exemplary damages. We think that the trial court's determination was correct, and that there was no error in entering the judgment notwithstanding the verdict.

The judgment is affirmed.