Argued February 8, affirmed as modified May 17, 1973

# PEDAH COMPANY, *Respondent, v.* HUNT ET AL, *Appellants.*

509 P2d 1197

*Theodore R. Kulongoski,* Eugene, argued the cause

434

for appellants. On the briefs were Dwyer, Jensen & Naslund, Eugene.

*William Frye,* Eugene, argued the cause for respondent. With him on the briefs were Husband, Johnson & Frye, Eugene.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

BRYSON, J.

Plaintiff Pedah Company commenced this suit in equity seeking a permanent injunction to restrain defendants from using or publishing under the name "Valley News." The complaint also prayed for general and punitive damages. After a trial, the court issued an injunction as prayed for and awarded $500 general damages and $2,500 punitive damages. Defendants appeal.

The first assignment of error states, "The trial court sitting in equity erred in awarding punitive damages."

We have not passed on the question of whether punitive damages can be recovered in a suit in equity. We have sanctioned the award of punitive damages by a jury in law actions when the evidence discloses malice and "a wrongful act done intentionally, with knowledge that it would cause harm to a particular person or persons. * * * [T]he question of award of punitive damages is for the jury [Citations omitted]". *McElwain v. Georgia-Pacific,* 245 Or 247, 249, 421 P2d 957 (1966). In *Van Lom v. Schneiderman,* 187 Or 89, 108, 210 P2d 461 (1949), the court stated:

"The allowance of exemplary damages in a proper case is approved in Oregon [Citations

omitted] and in most of the other states of the union. McCormick on Damages § 78.

"In the trial of a case where exemplary damages are sought the judge determines as a matter of law whether there is evidence of malice, and, if he decides that there is, the assessment of such damages is committed to the discretion of the jury. *Cholia v. Kelty,* 155 Or. 287, 291, 63 P. (2d) 895; *Martin v. Cambas,* 134 Or. 257, 262, 293 P. 601; *Gill v. Selling,* 125 Or. 587, 591, 267 P. 812. * * *"

The majority of jurisdictions which have considered the question have concluded that punitive damages are not recoverable in a court of equity. Annot., 48 ALR2d 947. Justifications commonly relied upon for this rule include:

"* * * (1) a court of equity, in the absence of statutory authorization, is without power to award punitive damages; (2) punitive damages are inconsistent with the principle that equity will award only what is due *ex aequo et bono*—in justice and fairness—without regard to the reprehensibility of defendant's conduct; (3) an aggrieved party by suing for equitable relief waives all claims to punitive damages; and (4) an award of punitive damages lies within the exclusive province of a jury and usurpation of that function by the chancellor would deprive defendant of his state-guaranteed constitutional right to a jury trial before punishment. * * *" Note, 63 Colum L Rev 175, 176-77 (1963) (Citations omitted.)

For a discussion of these rationales, see Hodel, *The Doctrine of Exemplary Damages in Oregon,* 44 Or L Rev 175, 178 (1965).

In *Perez v. Central Nat'l Ins. Co.,* 215 Or 107, 110, 332 P2d 1066 (1958), we stated:

"The doctrine of punitive damages viewed in the most favorable light is subject to criticism.' *Van*

*Lom v. Schneiderman,* supra. It should not be extended past the point to which our precedents commit us. * * *"

See also, dissenting opinions of Justices DENECKE and O'CONNELL in *McElwain v. Georgia-Pacific, supra,* and *Van Lom v. Schneiderman, supra.* In *Noe v. Kaiser Foundation Hosp.,* 248 Or 420, 425, 435 P2d 306, 27 ALR3d 1268 (1967), we stated:

> "* * * It is only in those instances where the violation of societal interests is sufficiently great and of a kind that sanctions would tend to prevent, that the use of punitive damages is proper. * * *"

The great weight of authority denies the recovery of punitive damages in a suit in equity. It appears to us that the allowance of punitive damages by a court sitting in equity, without a jury, is inconsistent with a court in equity doing justice between the litigants. Therefore, we hold that the plaintiff is not entitled to punitive damages in this equity suit.

■ Defendants raise two further assignments of error concerning plaintiff's lack of standing to bring the suit "without proving that they have registered the assumed business name" and the court's findings and conclusions on the merits of the case. The entire record on appeal consists of the trial court file and the exhibits offered at trial. There is no transcript of the proceeding. Since we are unable to address the questions raised by defendants without referring to a transcript, we decline to consider defendants' contentions in these matters.

The decree of the trial court is modified by excluding the sum of $2,500 as punitive damages from the judgment and is affirmed in all other respects.

Affirmed as modified.

TONGUE, J., concurs in the result.

O'CONNELL, C.J., concurring.

I do not favor the law-equity distinction and I believe that we should do everything we can to eliminate it. However, I also feel that the doctrine of punitive damages should likewise be limited. Faced with this dilemma, I favor the solution adopted by the court with the hope that eventually the distinction between law and equity will be completely eliminated by a frontal attack upon it.