Argued and submitted March 13, affirmed August 24, 1981

REEVES et ux,
*Respondents - Cross - Appellants,*
*v.*
NATIONAL HYDRAULICS COMPANY,
*Defendant,*
*and*
FOREST INDUSTRIES INSURANCE EXCHANGE,
*Appellant - Cross - Respondent.*

(No. 78-5424, CA 17672)

632 P2d 1306

Louis L. Kurtz, Eugene, argued the cause for appellant - cross - respondent. With him on the briefs was Loomis, Tomlinson & Kurtz, Eugene.

David Jensen, Eugene, argued the cause for respondents - cross - appellants. With him on the brief was Hammons & Jensen, Eugene.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is an action arising out of a casualty insurance contract. Defendant, Forest Industries Insurance Exchange, appeals from a judgment based upon a jury verdict in favor of plaintiffs. Plaintiffs cross-appeal, seeking review of the trial court's failure to award reasonable attorney fees as part of their costs. ORS 743.114, post. Defendant National Hydraulics Company is not a party to this appeal. We affirm.

Plaintiffs' truck and log loader were insured against casualty loss by defendant.[1] They were damaged as the result of an accident. Plaintiffs' third amended complaint alleged two counts, one for breach of the insurance contract and the other for breach of a "fiduciary duty" existing between the parties. The jury found for defendant on the breach of contract count and for plaintiffs on the breach of fiduciary duty count.

Defendant asserts three assignments of error: (1) denial of its motion for directed verdict; (2) denial of a motion to strike the second count (breach of fiduciary duty); and (3) the giving of plaintiffs' requested jury instructions numbered 10 and 11. At oral argument defendant withdrew its first assignment, concerning the motion for directed verdict, and we do not consider it.

Initially, we must consider the record brought to this court. Defendant designated only a portion of the trial court record. We have before us a voluminous trial court file and two transcripts concerning motions made at trial, together with counsels' arguments and the court's rulings. Two additional transcripts relate to plaintiffs' requested instructions 10 and 11.[2] We have no transcript of the testimony or of the instructions actually given. No evidence

---

[1] The record on appeal does not include the contract of insurance. We have assumed the coverage was of a type insuring collision losses.

[2] Defendant contends that if we look at the trial court file we will find the instructions in the form given by the trial court. We have searched the file. There are no instructions.

exhibits were designated, not even the contract of insurance.[3]

■  In view of the record, our review is limited to the sufficiency of the pleadings and whether the pleadings support the judgment. *Jewell v. Compton,* 276 Or 1031, 557 P2d 650 (1977); *Pedah Co. v. Hunt,* 265 Or 433, 509 P2d 1197 (1973); *Troutman v. Erlandson,* 44 Or App 239, 245, 605 P2d 1200 (1980). It is the appellant's responsibility to provide this court with a record sufficient to enable us to review the trial court's rulings. *Rose v. Rose,* 279 Or 27, 566 P2d 180 (1977); ORS 19.029(1)(d).

In the interest of brevity, we will not set forth plaintiffs' third amended complaint in its entirety. In general, plaintiffs alleged their ownership of the truck and loader, which was insured by defendant against casualty loss up to $55,000, less a deductible of $2,750. In an accident on February 3, 1978, the vehicle was damaged in an amount in excess of the coverage. Plaintiffs submitted their proof of loss to defendant which "refused to settle plaintiffs' claim." Plaintiffs, in their second count, then alleged:

II

"Defendant Forest Industries Insurance Exchange accepted its fiduciary duty and represented to Plaintiffs that it would act in the best interest of the plaintiffs.

III

"Defendant knew that Defendant National Hydraulics Company had submitted a bid to repair said vehicle for the sum of $35,000.

IV

"Defendant knew subject vehicle could not completely and in a workman-like manner be repaired for said sum.

V

"Defendant falsely or with reckless indifference as to the truth or falsity of such statements, represented to

---

[3] Each of the four separate transcripts includes a title page identifying the subject matter contained within the specific transcript. Defendant did not make reference in its brief to any specific transcript volume or page. Plaintiffs are correct that appellate rule 7.19 was violated. We have accepted defendant's brief solely because of the brevity of the transcripts. Because assignment of error number one was withdrawn, we have no reason to refer to the transcript pertaining to that motion.

plaintiffs that the repairs could and would be done satisfactorily. Defendant directed Plaintiffs to turn the vehicle over to Defendant National Hydraulics for repairs.

VI

"Plaintiffs had the right to rely on the statements made by their agent, Defendant Forest Industries Insurance Exchange, which held itself out as looking after the interest of the Plaintiffs and having special knowledge concerning the cost and availability of the repair work.

VII

"Defendant intended Plaintiffs to rely on the statements of their agent and Plaintiffs did so rely to their damage * * *."

Plaintiffs prayed for general, special (loss of profits) and punitive damages.

Defendant's answer admitted plaintiffs' ownership of the truck and loader and that defendant had insured the vehicle. The remainder of the answer was a general denial.

The pertinent portion of the special verdict returned by the jury states:

"We, the jury, find for Plaintiffs and assess damages in the sums of:

"$  NONE            for loss of profits

"$  6,000           for breach of fiduciary duty

"(Damages may not exceed $39,132.15 for loss of profits; damages may not exceed $12,250.00 for breach of fiduciary duty.)"[4]

Defendant, in its motion to strike count II, did not contend that plaintiffs failed to plead the essential allegations of a breach of a fiduciary duty.[5] Rather, we understand defendant's positon to be that, given the sufficiency of the allegations, there is no cause of action in tort in this state for breach of a fiduciary duty between an insured and an insurer who have contracted for casualty insurance coverage. In support of its position, defendant relies upon

---

[4] The trial court did not submit punitive damages to the jury. The record does not disclose the reason for that decision.

[5] The motion to strike was made at trial. From the record we conclude it was made at the close of all the evidence.

*Farris v. U. S. Fid.and Guar. Co.,* 284 Or 453, 587 P2d 1015 (1978), and *Santilli v. State Farm,* 278 Or 53, 562 P2d 965 (1977). At trial, defendant argued that, *based upon the facts of the case* and in light of *Santilli* and *Farris,* there was no fiduciary duty existing between the parties.[6] The trial judge believed otherwise and denied the motion to strike.

Our difficulty is that we do not have a transcript of the evidence or instructions to analyze. Plaintiffs allege that defendant undertook a fiduciary duty to settle plaintiffs' claim and either negligently. or intentionally mismanaged the settlement. Plaintiffs' allegations can be read to charge defendant with bad faith or some fraudulent purpose. We cannot determine if the proof was sufficient to establish such egregious misconduct on the part of defendant.

■ ■ After verdict and judgment a pleading is construed most strongly in favor of the pleader. *American Sanitary Service v. Walker,* 276 Or 389, 392, 554 P2d 1010 (1976). In *Santilli,* the insurance company denied coverage of a claim. The court declined to decide whether a new tort for breach of fiduciary duty should be recognized in that situation, because under the facts presented plaintiff would not have been entitled to prevail on such a cause of action. In *Farris,* the insurer refused a tender of defense by its insured and denied coverage. The court found no fiduciary duty and held the failure to undertake representation, which left control of the defense to the insured, to be a breach of contract only. This case is different. Plaintiff's complaint alleges an agency relationship. An agreement to act on behalf of a principal makes an agent a fiduciary. *Jones v. Herr,* 39 Or App 937, 940, 594 P2d 410, *rev den* (1979); Restatement (Second) of Agency §§ 1, 13 (1958). If the agent does something wrongful, either knowing it to be wrong, or acting negligently, the principal may recover in

---

[6] For a review of causes of action in tort brought by the insured against the insurer in first party claims, as in the present case, and third party claims normally involving the insured's liability to another. *See* Note, "Insurance — the 'Full Bloom' Tort of Bad Faith Remains in the Bud," 57 Or L Rev 590, 598, (1978), and Pierce, "Judicial Recognition and Limitation of Insurer's Obligation of Good Faith in Oregon," 17 Will L Rev 577 (1981).

an action in tort or an action in contract. Restatement (Second) of Agency § 401, comment a (1958). In the absence of a transcript of the evidence, we hold that the trial judge was correct in denying the motion to strike.

■　　　We are faced with similar difficulty in reviewing defendant's objections to the giving of plaintiffs' requested instructions 10 and 11. Two of the four transcript volumes designated as part of the record on appeal are pertinent to the instructions. The first volume carries a date of January 30, 1980, and is titled, "Plaintiffs' Requested Jury Instructions 10 and 11." That volume contains two instructions numbered 10 and 11 and nothing more.[7] The second volume is dated January 31, 1980, and entitled "Appellant's Exceptions to Jury Instructions." Defendant excepted as follows:

> "* * * I am taking exception to the courts giving plaintiffs' requested jury instructions number 10 and number 11, and my exceptions there are based on the *Farris v. U. S. Fidelity & Guarantee, Co.* case that we have already discussed in detail."

The difficulty is that we do not have a record to indicate that instructions 10 and 11 appearing in the transcript dated January 30, 1980, are the same instructions 10 and 11 to which defendant took exception. Nor is there any record to tell us that requested instructions 10 and 11 as they appear in the transcript were given by the trial judge in the form presented to us. The designation of record is insufficient. ORS 19.029(1)(d). We cannot review this assignment.

■　　　Plaintiffs cross-appeal, contending the trial court should have awarded them attorney fees. ORS 743.114 provides:

> "If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

---

[7] This volume has not been certified by its preparer as a true and correct transcript, contrary to ORS 19.078(1).

We have no record before us to determine the reason the trial court denied the fees; nor is there any record to enable us to determine if the requirements of the statute were met.

Affirmed.