## INMAN v. BALL ET AL.

1. **Measure of Damages : ERRONEOUS INSTRUCTION.** An instruction as to the measure of plaintiff's damages in this case not being warranted by the allegations and proof, and it appearing from the verdict that defendants were prejudiced thereby, *held* that the giving of the instruction was revisible error.

2. **Exemplary Damages : WHEN TO BE ASSESSED.** In order to justify the assessing of exemplary damages, it must be made to appear that the act complained of was a willful or malicious wrong; and an instruction in this case, to the effect that the defendants were liable for exemplary damages, if they, when they committed the acts, *had good reason to believe they were wrongful,* held erroneous.

*Appeal from Union Circuit Court.*

THURSDAY, MARCH 19.

THE plaintiff claims $2,000 of the defendants as damages for unlawfully, willfully and maliciously taking from ' her private dwelling certain household goods, and converting the same to their own use. Defendant, John M. Ball, in his answer to the petition, claimed that the plaintiff executed a chattel mortgage upon said property to him, to secure the payment of part of the purchase price of the goods, and that he afterwards assigned said mortgage to his co-defendant, Harrison, who forclosed the morgage by putting the same in the hands of the defendant Ballou, who. was sheriff, and that he (said Ball) only acted in the matter by pointing out the goods covered by the mortgage, and that no other goods were seized or taken from the plaintiff excepting such as were included in the mortgage. The defendant Harrison answered by setting up substantially the same facts, and he further averred that the goods were sold in accordance with the terms of the mortgage by the defendant Ballou, and the proceeds turned over to him (said Harrison) in satisfaction of the mortgage. The defendant Ballou admitted taking the goods, but alleged that none were taken excepting such as were mort-

gaged, and that the goods were identified and pointed out to him by the defendant Ball. There was a trial by jury, and a verdict and judgment for the plaintiff, and against the defendants, Ball and Harrison, for $400. Defendants appeal.

*John Chaney* and *Rowell & Milligan*, for appellants.

*Stuart. Bros.*, for appellee.

Rothrock, J.—I. The court instructed the jury that the plaintiff could not recover unless she established by a preponderance of the evidence that the defendants took goods which were not included in the mortgage. This instruction is in full accord with the evidence, and it is not claimed that any recovery can be had for taking the mortgaged property. The plaintiff claimed damages for the willful and malicious seizure and conversion of her goods. The goods in question consisted of the furniture, bedsteads, bedding, etc., which had been used in a hotel. The plaintiff purchased part of this property from Ball, from whom she leased the hotel, and she executed the mortgage to secure the payment of part of the purchase-money. She previously owned some goods of about the same kind and quality, which she put in the hotel. The hotel was destroyed by fire, but nearly all of the furniture, bedding, etc., were saved. It was stored by the plaintiff in another building, and some of it was used by the plaintiff, and her son and daughter, in certain furnished rooms which they occupied.

There is a conflict in the evidence as to whether any property was seized and taken by the defendants, excepting such as was included in the mortgage. The plaintiff in her testimony stated that certain articles were taken, and she fixed the value thereof at about the sum of $50. The great preponderance of the evidence is that, even if the property specified by the plaintiff was taken, it was of very much less value than $50. As an example, the plaintiff testified that an old feather-bed which had been in use for thirty years was

taken, and that it was of the value of $20. All of the other evidence in the case shows that the value was but $3 or $4. But, as there was a conflict in the evidence as to whether property not included in the mortgage was taken, and as to its value, we would not be warranted in disturbing a verdict for about $50 of actual damages.

The court instructed the jury upon the question of damages as follows: " No. 8. If the jury find from the evidence that the defendants entered the private dwelling of plaintiff, and for the purpose of taking possession of goods covered by a chattel mortgage, and by virtue of said mortgage; and you further find that the defendants at the same time took possession of and carried away other goods not included in said mortgage, over the objections or without the consent of plaintiff,—such a taking and carrying away of such goods not included in the mortgage would be a wrongful conversion, and the plaintiff would be entitled to recover damages for the injury she has sustained in actual value of the goods so taken, as shown from the evidence; and if she has shown that she sustained any special loss by reason of being deprived of possession of the goods, then she would be entitled to the damages which she has proved to have sustained, as a special loss, by being deprived of the use of the goods taken."

Under the issues in the case, the plaintiff was entitled to recover the actual value of the goods taken, and exemplary

1. MEASURE of damages: erroneous instruction.

damages, within the reasonable discretion of the jury, if the evidence warranted exemplary damages. She was not entitled to recover anything for special loss by reason of being deprived of the goods, because such a recovery was neither warranted by allegation nor proof. The instruction therefore was erroneous. If the verdict had been for the actual value of the goods, it might, with some propriety, be claimed that the error was without prejudice. But as the verdict was largely made up from considerations aside from the value of the

goods, and as we do not think the jury were warranted from the evidence in finding that the defendant Harrison was liable for exemplary damages, we incline to think that the special loss referred to in the foregoing instruction had much to do with the amount of the verdict.

II.   The court, in instructing the jury upon the question of exemplary damages, stated that, if they "found that the

2. EXEM-PLARY damages: when to be assessed.

defendants committed the wrongful acts complained of, and at the time they committed the same they had full knowledge that the acts were wrongful, *or had good reason to believe they were wrongful*, then the doing of the thing would be willful and malicious." We think that the clause in this instruction which we have indicated by italics should not be held to authorize the allowance of exemplary damages.   To warrant a jury in inflicting damages by way of punishment, it should appear that the act complained of was a willful or malicious wrong.   There must be a purpose or intent to harass, oppress, or injure another.   This is a very different state of mind and purpose from that of a person who has no more than good reason to believe that his act is wrongful.   In such case a party might be visited with exemplary damages for committing a mere blunder without wrongful, willful, or malicious intent.   The law attaches no such consequences to a mere mistake.

III.   The defendant Harrison was not present when the goods were taken.   The evidence shows that he did not know

THE SAME.

that any property not included in the mortgage was taken by the sheriff.   There is some evidence tending to show that Ball advised him, after the goods were seized, that the plaintiff claimed that some of the goods taken were not in the mortgage, and that he replied, if " they would come over and identify the goods, they should be returned," and that this offer was communicated to plaintiff's attorney.   Under this state of facts, any assessment of exemplary damages against Harrison was wholly without

warrant from any proven fact, or even from any inference in the case.

For the errors above pointed out the judgment of the circuit court is

                               REVERSED.