[No. 714.   August 25, 1897.]

W. P. CUNNINGHAM et al., Plaintiffs in Error, v. L. D. SUGAR, Defendant in Error.

TRESPASS—MEASURE OF DAMAGES—INSTRUCTION.—In an action of trespass for damages for the wrongful seizure by the sheriff of an ordinary stock of merchandise in attachment, where plaintiff resumed business, and realized the profits of it, an instruction of the court authorizing a recovery of the profits up to the time of trial, was error.

ID.—EXEMPLARY DAMAGES—INSTRUCTION.—In such action, an instruction of the court allowing exemplary damages was without warrant, in the absence of any evidence that the plaintiffs in the attachment suit were guilty of gross negligence or malice in suing out the attachment.

*Error*, from a judgment for plaintiff, to the First Judicial District Court, Santa Fe County.    Reversed and remanded, with directions.

The facts are stated in the opinion of the court.

CHILDERS & DOBSON, for plaintiffs in error.

The instructions of the court entitling plaintiff to recover damages up to the date of rendition of the verdict, if the jury found for plaintiff, was erroneous.    26 Am. and Eng. Ency. Law, 674; Gardner v. Field, 1 Gray, 151; Cattle Co. v. Mann, 130 U. S. 78; Insurance Co. v. Conard, 1 Bald. 138; Sedg. Meas. Dam. (3 Ed.) 559; The Appollon, 9 Wheat. 362; The Amiable Nancy, 3 Id. 546; La Amistad de Rues, 5 Id. 385; Sedg. Meas. Dam. 41, 558; Richardson v. Janlsofelse, 23

S. W. Rep. (Tex.) 815; Steele v. Metcalf, Id. 474; Sweigreit v. Finley, 22 Atl. Rep. (Pa.) 702; Russell v. Huiskamp, 42 N. W. Rep. 525; Warren v. Kelly, Atl. Rep. (Me.) 49; Townsend v. Foutenot, 8 South. Rep. (La.) 616; Neese v. Rodford, 19 S. W. Rep. (Tex.) 14; Casper v. Cliffen, 63 N. W. Rep. (Minn.) 737, and Anderson v. Sloan, 40 Id. (Wis.) 214, especially. See, also, as to necessity of allegation of special damages in declaration: 5 Ency. Pl. and Pr. 719 et seq.; 5 Am. and Eng. Ency. Law, 50; 1 Suth. Dam., 764; Parker v. Lowell, 11 Gray, 353; Adams v. Barry, 10 Id. 361; Dickinson v. Boyle, 17 Pick. 78; Parker v. Burgess, 24 Atl. Rep. 743; Richter v. Meyer, 31 N. E. Rep. (Ind.) 582; Railway Co. v. Neafus, 185 S. W. Rep. (Ky.) 1030; Montgomery v. Locke, 11 Pac. Rep. 874; Mallory v. Thomas, 33 Id. 757; also, 5 Ency. Pl. and Pr. 741; Stevenson v. Smith, 28 Cal. —; Donnell v. Jones, 48 Am. Dec. 59; Hearn v. McCaughan, 66 Id. 588; 1 Chitt. Pl. 395, 399; Achison v. Telegraph Co., 96 Cal. 641; Louis v. Merchant, 16 S. W. Rep. (Tex. App.) 538.

There was no evidence in this case which would justify exemplary damages, and the court erred in giving an instruction authorizing them. Crymble v. Mulvaney, 40 Pac. Rep. 502; Neese v. Radford, supra; Anderson v. Sloan, and other cases cited supra.

EDWARD L. BARTLETT and J. H. SUTHERLIN for defendant in error.

This was an action in tort, and in such case the law presumes damages to plaintiff. 1 Suth. Dam. 12; Cooley on Torts, pp. 64, 69; 1 Hill. on Torts, p. 74; 5 Am. and Eng. Ency. Law, 4.

An officer is liable for levying on goods of another than the person named in his process, and he levies thereon at his peril. Buck v. Colbath, 3 Wal. 344; Cooley on Torts, p. 396; Averby v. McGee, 63 Am. Dec. 49; Insurance Co. v. Adams, 9 Pet. (U. S.) 603; Lanman v. Fusier, 111 U. S. 19.

Where a party is injured by the wrongful acts of public officers he is entitled to actual damages; but if the act be done

under aggravating circumstances and in violation of plain right, or be attended with malice, he may recover consequential, and even punitory, damages. Rodgers v. Fergusson, 36 Tex. 545; Railway Co. v. Prentice, 147 U. S. 107; Scott v. Donnell, 165 Id. 88; Barry v. Edmunds, 116 Id. 562, 565. See, also, 2 Thomp. on Jury Trials, sec. 2065; Singer Mfg. Co. v. Holdfodt, 86 Ill. 459, 460; Publishing Co. v. Monroe, 73 Fed. Rep. 196; Parker v. Shackleford, 61 Mo. 68; Favorite v. Cottrell, 62 Mo. App. 119; Malecek v. R. R., 57 Mo. 20; Casey v. Ballou, 67 N. W. Rep. 98; Bruce v. Ulery, 79 Mo. 322, 326; Johnson v. Camp, 51 Ill. 219; Puttebaugh's Pleadings, 450; Sanders v. Mullen, 66 Ia. 728; Munis v. Herrera, 1 N. M. 367.

In an action of tort profits lost to business are recoverable by plaintiff. 1 Suth. Dam., p. 121, and note; Allison v. Chandler, 11 Mich. 542, 549, 554, 558, 560; White v. Mosely, 8 Pick. 356-358; also, consequential damages. Fur. Com. Co. v. Little, 19 South. Rep. 443; 1 Suth. Dam., pp. 20, 71, 447, 448; McAfee v. Crofford, 13 How. (U. S.) 447.

Exemplary damages are not special, and need not be alleged. Wilkinson v. Sercy, 76 Ala. 182; Panton v. Holland, 17 Johns. (N. Y.) 92; Gustafson v. Wind, 62 Ia. 282; S. F. & W. R. Co. v. Holland, 82 Ga. 271; Davis v. Seeley, 60 N. W. Rep. 184; A. G. S. Co. v. Arnold, 84 Ala. 159; Express Co. v. Brown, 67 Miss. 260.

BANTZ, J.—On January 4, 1896, one Goodman sold his stock in trade to L. D. Sugar, who continued in business in the town of San Pedro; Goodman was at the time indebted in a large sum to Mandell Brothers, who on January 30, 1896, sued out an attachment against Goodman, and levied it upon the stock previously sold by Goodman to Sugar, and also upon certain other mrechandise which Sugar had added to and mingled with the goods he had bought from Goodman. Judgment was afterwards rendered against Goodman in the attachment suit. This action in trespass was brought by Sugar against Cunningham, the sheriff who levied the attachment,

and also against Mandell Brothers, in whose favor it was levied.

The declaration was in the ordinary form, and alleged the value of the property seized to be $2,000. It alleged several items of special damages, and alleged damages in the aggregate sum of $4,500. The defendants (below) pleaded the general issue, and also a special plea of justification.

A bill of particulars was prayed and furnished; it sets out the various items of merchandise seized and their value, and also contains the following items of special damage: (1) "Profits on business from January 30, 1896, the date of taking said goods by defendants, to the date of judgment, per month $125.00." (2) "Interest on money invested at 12 per cent per annum $250." (3) "Injury to business standing and credit as merchant in community and all other damages $500.00." A mass of testimony was introduced at the trial as to whether the sale of the stock by Goodman to Sugar was made in good faith, or was made to hinder, delay or defraud Goodman's creditors, and as to Sugar's information upon that subject. A large amount of testimony was also introduced upon the questions of values and damages. It also appears that Sugar refurnished his store with another stock, and resumed business some time in March, 1896. The jury returned a verdict in favor of Sugar in the sum of $3,262; and after unsuccessfully moving for a new trial, the defendants brought the trial into this court on writ of error.

The principal matter in controversy is in regard to the correctness of the measure of damages applied to this case in the court's instruction to the jury. The court below authorized the jury to assess as damages (1) the full value of the property seized, (2) the loss of reasonable profits in the business from the date of the levy of the attachment to the time of trial, (3) damages to business standing and credit by reason of the levy.

TRESPASS: measure of damages: instruction.

Leaving out of view wrongs done from a corrupt motive, which will be considered when we come to the subject of exemplary damages, the universal and cardinal principle in all

civil actions, whether ex contractu or ex delicto, is that "the person injured shall receive a compensation commensurate with his loss or injury, and no more." 1 Suth. Dam., 17; U. S. v. Smith, 4 Otto, 214; Brewster v. Van Liew, 119 Ill. 554. No one is held responsible for all the consequences of his wrongful act, but only for those consequences which are natural and proximate; that is, such as might reasonably have been expected under the particular circumstances to ensue; such as according to the common experience and the usual course of events might reasonably be anticipated. 1 Suth. Dam. 21; Woods Mayne, Dam. [Ed. 1880], sec. 52; McDonald v. Snelling, 14 Allen 290; Smith v. Bolles, 132 U. S. 125; Warwick v. Hutchinson, 45 N. J. L. 61. Damages which flow as the necessary result of the wrongful act need not be specially pleaded, but are recoverable under general allegations; those damages which do not necessarily flow from the wrongful act, but do flow as a natural and proximate consequence of it, are classed as special damages, and to guard against surprise to the defendant, these must be averred specially. 1 Chitty Pld. 395; Roberts v. Graham, 6 Wall. 578; 1 Suth. Dam. 763; Wransky v. Dry Dock, etc., 118 N. Y. 304; Butler v. Kent, 19 Johns. 223.

For the conversion of personal property the measure of damage ordinarily is the value of the property at the time of the conversion and interest thereon to the day of the trial. This is the general rule established by the great weight of authority. 1 Suth., Dam. 488; Arkansas Cattle Co. v. Mann. 130 U. S. 78; Seymour v. Ives, 46 Conn. 110; Fowler v. Merrill, 11 How. U. S. 375; Watt v. Potter, 2 Mason 77.

This rule is especially true of articles of merchandise which can be replaced from the commercial markets at pleasure. Interest is allowed as damages for the deprivation of the use of the property, and this is the only damage which can ordinarily flow from the wrong. Whenever a different rule is to be applied it is because peculiar circumstances introduce new elements, calling for the allowance of special damages in lieu of interest. To seize and convert the stock in

trade of an established business not only involves the loss of the value of the property to the owner, but may also carry with it as a natural and proximate consequence, the interruption of his business, and thereby loss to him of profits and trade. If the merchandise may be bought at will in the market, the taking of his stock in trade would be merely a temporary interruption of his business; and it must be remembered that the wrongful act consisted not in interrupting the business, but in the seizure of the property, and therefore the special damage could only continue so long as the interruption may reasonably continue as the natural and proximate consequence of the wrongful act. The question is not what plaintiff may have gained as the fruit of an unrealized speculation, but what he has lost by the act of the defendant. Smith v. Bolles, 132 U. S. 129. In the case at bar the property was an ordinary stock of merchandise; it was seized on January 30, and Sugar (plaintiff below) resumed business and realized the profits of it. In Crymble v. Mulvaney, 40 Pac. 501, the Colorado court say: "The profits resulting from an injury to the business after its resumption, and until the commencement to the action, and the loss of credit were too remote and speculative, and are not allowable under the clear weight of authority." The same rule was made in Anderson v. Sloan, 40 N. W. (Wis.) 222. If he can recover from the defendants for the same period, he would be making the defendants pay again after the interruption of his business had ceased. The court's instruction authorizing recovery of profits up to the time of trial was therefore clearly erroneous.

We will now turn to the question as to the proper rule on this subject. It seems quite clear that when the loss of profits may be assessed as damages, the period for which they may be recovered can not depend upon the time when the plaintiff may have chosen to replenish his stock and resume business; if it did he might wait at ease till the period of limitation was about to expire, and without actually incurring the hazards of mercantile pursuits recover the estimate profits of a long period of idleness. In Luce v. Hoisington, an ox had been

seized under attachment and in an action for damages it was
held that the failure to raise a crop by reason of being deprived
of the use of the ox was not the natural or proximate cause of
the wrongful levy; the plaintiff would not allow his land to go
uncultivated and then ask the jury to speculate as to his loss.
56 Vt. 436.   In Luse v. Jones, 39 N. J. 707, the action was
for wrongfully seizing a boarding house keeper's furniture,
and she was allowed to recover damages to her business
through the loss of boarders and by having to turn others away
in the interval "before she could with proper diligence furnish
her house."   In Allison v. Chandler, 11 Mich. 555, though
damages were allowed for injury to business by disturbing a
tenant's possession of a store room he having an established
business at that place, the court say:   "Where from the nature
and circumstances of the case a rule can be discovered by
which adequate compensation can be accurately measured, the
rule would be applied in actions of tort as in those upon con-
tract.   Such is quite generally the case in trespass and trover
for the taking or conversion of personal property, if the prop-
erty (as it generally is) be such as can be readily obtained in
the market and has a market value."   In France v. Gaudet,
L. R. C. Q. B. 199, the action was for conversion of a quantity
of wine, no other wine of the same brand and quality was
to be had in the market, and the owner had procured a pur-
chaser of it at a certain price.   The Queen's Bench held that
the measure of damage was the actual price at which the
wine could have been so sold, this of course included   the
profits, but say the court, per Mallor, J.:   "Under ordinary
circumstances the direction to the jury would simply be to
ascertain the value of the goods at the time of the conversion;
and in case the plaintiff could by going into the market have
purchased other goods of like quality and description, the price
at which that could have been done would be the measure of
damages.   It was however, admitted on the trial, in the
present case, that course could not have been pursued, inas-
much as Champagne of the like quality and description could
not have been purchased in the market so as to enable the

plaintiff to fulfill his contract with Captain H." It was not deemed necessary in that case to determine whether notice of special circumstances of damage is or is not necessary on trover, in order to recover from them, but the learned judge was inclined to think that either express notice must be shown, or arise out of the circumstances of the case. See Sedg. Dam. [4 Ed.], 559.

If by reason of distance from the supply market or like circumstances, an interval must reasonably elapse before business can be resumed, the loss of profits, or injury of business by the diversion of trade, during that period may be shown, as the natural and proximate result of closing up a mercantile store; but this must be based upon actual conditions previously existing for a period sufficiently long to afford reasonable certainty to it as evidence of damage. In Minnesota it is held that the evidence is limited to cases where the business had become so established at the time of interruption as that exemplary damages can not be recovered. Beveridge v. Welch, 7 Wis. 465; Crymble v. Mulvaney (Colo.), 40 Pac. 501. The wrong must be willful, malicious or the result of gross negligence, and it will be error to charge the jury that such damages can be recovered if defendants at the time had good reason to believe that the act was wrongful. Inman v. Boll, 65 Iowa 543. Something more must be shown than "mere disregard of the rights of others." Wilkinson v. Searcy, 76 Ala. 176.

The evidence in this case did not warrant the giving of an instruction upon exemplary damages. The attachment was not sued out against Sugar, but against Goodman, the title to the property in question depended upon whether Goodman intended by the sale of it to hinder, delay or defraud his creditors, and whether Sugar was aware of that intent, or was aware of facts and circumstances which would put a prudent man upon inquiry. That was a question depending upon disputed and conflicting testimony, and these were issues submitted in this very case for the consideration of

TRESPASS: exemplary damages: instruction.

the jury. Even if Mandell Brothers were mistaken in their conclusion as to these matters and even though that mistake arose out of negligence it would be no ground for exemplary damages, unless there was gross negligence or malice, and of that there was no evidence. The issue as to ownership is a live one in the case and there is nothing to indicate that it is not now maintained in good faith, or that it was begun in bad faith.

It will not be necessary to notice the other errors assigned. The cause will be reversed and remanded, with directions to grant a new trial.

Smith, C. J., Collier and Hamilton, JJ., concurring.