## BROWN *v*. ALLEN.

Opinion delivered January 27, 1900.

TRESPASS—EXEMPLARY DAMAGES.—For the seizure and sale of the goods of a wife under attachment against her husband she can not recover exemplary damages if the goods were believed to belong to the husband, and there was nothing malicious in the conduct of the officer or of the attachment plaintiff, nor any excess of force used. (Page 388.)

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT.

This is an appeal prosecuted from the judgment in a suit by the appellee, Mrs. Mattie E. Allen, against the appellants.

Duncan Brown, as constable, and James P. Brown, C. H. Banks and L. Benham, his sureties, and Ben Elder and E. B. Walton. The two defendants last named were plaintiffs in an attachment suit against W. B. Allen, the husband of the plaintiff. Their attachment was sustained in said suit, and the constable, Duncan Brown, was ordered to advertise and sell the property he had seized under the same. This he did.

Soon thereafter appellant commenced this action against all the above-named defendants, claiming that the goods levied on and sold were hers, and not her husband's, and praying judgment for $118.50, as the value of the goods, and also for exemplary damages, claimed by reason of the shame, humiliation and disgrace said to have been wilfully caused to her by appellees by seizing her household goods, wantonly parading them through the streets, and then selling them.

The answer amounts to a general denial of all the allegations of the complaint. A jury trial was had.

The evidence tends to show that the property seized and sold did in fact belong to the appellant. But it also shows that the goods were seized under the belief that they were her husband's, and that there was nothing wanton or malicious in the conduct of the officers or of any of the defendants, and that no unnecessary humiliation was inflicted upon the appellant, and that there was no excess of force used. Evidence was also introduced to show the value of the goods seized. The jury returned a verdict for $118.50, as the value of the goods, and $100 as exemplary damages. Defendants appeal, assigning causes for reversal.

*Jas. P. Brown* and *John B. Vineyard*, for appellants.

For the gift from husband to wife to have been good as against existing creditors, it was necessary that the husband claim it as exempt by scheduling. 41 Ark. 249; 49 Ark. 114; 52 Ark. 547; 63 Ark. 540. It was error to exclude evidence of what the property brought at the constable's sale. 2 Suth. Dam. 376; 49 S. W. 569. The amount awarded as actual damages was excessive. 29 Ark. 453, 463; 172 U. S. 534. The sureties on the constable's bond could, at most, be held liable for only compensatory damages. 34 Ark. 707; 51

Ark. 380; Hale, Dam. 209, 213; 44 Am. Rep. 519; Shinn, Attach. §§ 190, 374, 400; 84 Ill. 511; 20 S. Car. 514; 29 S. W. 819; 31 S. W. 212; 58 Minn. 242; S. C. 59 N. W. 1012. On the general doctrine of exemplary damages, see, 11 L. R. A. 689. Malice must be shown before exemplary damages can be recovered. 30 Ark. 376; 53 Ark. 7; 41 Ark. 295; 29 Ark. 448; 39 Ark. 387; 1 Wade, Attach. § 302; 40 L. R. A. 661; 26 Conn. 355; 60 Md. 358; 35 N. Y. 297; 23 Hun, 50; 10 Pet. 80; 5 Ia. 308; 76 Me. 216; 42 Conn. 318; 18 Cal. 315; 75 Ill. 361; 33 Mich. 511; 70 Ill. 28; 11 Mich. 542; 35 Ia. 306; 54 Ia. 68; Sackett, Instructions, 329; Shinn, Attach. 377, 382; Sedg. Dam. 472. The state would have to be a party to an action on the constable's bond.

*McCulloch & McCulloch*, for appellee.

As to exempt property, there are no creditors' rights. 52 Ark. 547; *id.* 101. The objection that the suit should have been in the name of the state comes too late. 51 Ark. 205. The appellees, being the real parties in interest, could sue. Sand. & H. Dig., § 5623; 30 Ark. 69; 39 Ark. 172; 51 Ark. 205. Sureties on an official bond are liable for all acts of their principal done *colore officio*. Murfree, Off. Bonds, § 698. Exemplary damages are recoverable in such a case as this. 15 Ark. 452; 35 Ark. 492; 42 Ark. 321; 2 Thomp. Neg. 1264; 56 Ark. 603; *ib.* 51; 58 Ark. 136; 59 Ark. 215; 39 Ark. 387; 1 Suth. Dam. chap. 9; Wood's Mayne, Dam. 59; 13 How. 371; 35 S. Car. 475; 61 Mich. 445; 85 *id.* 578; 81 Ga. 468; 76 Va. 128; 23 S. W. 457; 30 S. W. 1040; 106 N. C. 494.

WOOD, J., (after stating the facts.) The evidence is somewhat voluminous, and no useful purpose will be served by setting it out. After a careful consideration of it, we are unable to agree with the attorney for appellee that "upon the facts a stronger case for exemplary damages cannot be imagined." On the contrary, we find no legally sufficient evidence to justify such damages, when the facts are measured by the rule announced by this court in *Kelly* v. *McDonald*, 39 Ark. 393: "Exemplary damages ought not to be given unless in case of intentional violation of another's right, or when a proper

act is done with an excess of force or violence, or with malicious intent to injure another in his person or property."

The charge of the court, assuming there was evidence to justify a verdict for exemplary damages, was correct; but, as we are of the opinion that there was no evidence to warrant a finding by the jury of exemplary damages, the court should have eliminated this branch of the case from their consideration.    This is the only error we find in the record, and it can be cured by remittitur, if the appellee so elect.    If, therefore, the appellee will remit in 30 days the amount recovered for exemplary damages, the judgment will be affirmed; otherwise, it will be reversed and remanded for new trial.