Argued March 27; modified November 25, 1930.

## MARTIN *v.* CAMBAS ET AL.

(293 P. 601)

Frank S. Grant, City Attorney, and R. A. Imlay, Deputy City Attorney, both of Portland for appellants.

Frank J. Lonergan of Portland (Neal R. Crounse and Lonergan & Wagner all of Portland on the brief) for respondent.

BEAN, J. Defendants Cambas, Cart, Brier and Jacques answered separately, claiming that no arrest was made by them. Defendants, upon this appeal, in an appropriate manner, raise the questions to which we will refer. The first is that the verdict apportioning the damages among joint tort-feasors is illegal.

It will be noted that the verdict assessing general damages in favor of plaintiff and against defendant William J. Blake in the sum of $5,000 is complete without that part of the verdict assessing punitive damages and attempting to apportion the same. The verdict is, in effect, in favor of all the defendants, except as to William J. Blake, as to general damages. It plainly shows that under the evidence in the case the jury believed that plaintiff was not entitled to anything in the way of general damages except as against defendant Blake, and they so found.

■ It is a well-settled rule of law that, in the absence of a statute authorizing a jury to sever or apportion damages against joint tort-feasors, an assessment of

damages against those sued jointly for a wrong must be for one sum against those found liable: 2 Sutherland on Damages (4th Ed.), § 463; 17 C. J. 1084, § 393; 30 A. L. R. Annotation, p. 790, citing numerous authorities; *Chrudinsky v. Evans,* 85 Or. 548 (167 P. 562). That part of the verdict finding punitive damages against defendants is illegal and does not support the judgment therefor.

There is a further and more potent reason why the verdict and judgment for punitive damages can not be upheld. Exemplary, punitive or vindictive damages involves the blending of the interests of society in general with those of the aggrieved individual in particular. The generally accepted doctrine is that such damages are awarded by way of punishment to the offender and as a warning to others, or, according to some authorities, by way of example: 17 C. J. 968, § 268. The general rule is that in order to recover exemplary damages there must be actual damage shown, although the elements otherwise authorizing the assessment of exemplary damages may exist. Exemplary damages can never constitute the basis of a cause of action: 17 C. J. 974, § 270; 2 Sutherland on Damages, (4th Ed.) § 406; *Benson v. Murton,* 66 Or. 199, 203 (133 P. 340 and 1189); *Gill v. Selling,* 125 Or. 587 (267 P. 812, 58 A. L. R. 1556). It is essential in order to warrant a recovery of exemplary damages that there be present in the circumstances some element of malice, fraud or gross negligence; otherwise, the measure of damages is such an amount as will constitute a just and reasonable compensation for the loss sustained, and nothing more: 17 C. J. 974, § 271. Where the act causing the injury is not accompanied by malice but is attributable to a mere accident, the court will only condemn defen-

dant to the damages actually suffered: 17 C. J. 976, § 271, note 28 (a); *Shakel v. Drapeau,* 33 L. C. Jur. 55; *Brown v. Allen,* 67 Ark. 386 (55 S. W. 143). A guilty intent on the part of defendant is essential to charge him with exemplary or punitive damages: 17 C. J. 983, § 279. It is said that the doctrine of exemplary damages involves rather the extent of the injury intended than that which was really inflicted, and that it depends on circumstances manifesting moral turpitude or atrocity in defendant's conduct: 17 C. J. 984, § 280. Section 283, page 985, of 17 C. J., reads:

"Where an act has been done in good faith, although it may result in serious injury to defendant (plaintiff) there can be no recovery of exemplary damages. * *. * If defendant acted under a mistaken sense of duty and without any evil intent, it is not a case for exemplary damages."

 It is plainly shown in the record that William J. Blake was a police officer in the city of Portland at the time of the occurrence; that on the night he made the arrest he acted in good faith and with a desire to simply perform his official duty, without any malice and with no intent to injure plaintiff. At the most, he acted under a mistaken sense of duty in attempting to enforce the law. As the jury found, he made a mistake as to the necessity of apprehending Martin. As an officer of the law, in the discharge of his duty, acting in good faith and with no evil intent, in an endeavor to detect crime and in arresting the plaintiff Martin and detaining him for five or six hours, William J. Blake is not subject to a judgment for exemplary or punitive damages. Punitive damages cannot be predicated upon inadvertence or mistake; fair compensatory damages will suffice: *Gill v. Selling,* supra; *Inman v. Ball,* 65 Iowa 543 (22 N. W. 666); 17 C. J., p. 985,

note 98 a. Public policy requires freedom of action and prompt effort of peace officers in the detection of crime and the detention of violators of the law. See *Hall v. McClure*, 112 Kan. 752 (212 P. 875, 30 A. L. R. 782), and Annotations on pages 790, et seq.

■ In the present case the measure of damages against the defendant William J. Blake is such as will constitute a just and reasonable compensation for damages caused by the illegal arrest. This amount the jury fixed under the evidence at $5,000. That part of the verdict assessing and apportioning punitive damages should be treated as surplusage and deleted.

"Verdicts are to have reasonable intendment, and surplusage or immaterial findings may be rejected in construing them. Thus, if the verdict finds the issue and something more, the latter part of the finding will be rejected as surplusage, and judgment rendered independently of the unnecessary matter, there being nothing to show that the jury reasoned falsely": 38 Cyc. 1890.

Article VII, section 3-c of our constitution, in order to prevent the trial of cases more than once, provides *inter alia:*

"If, in any respect, the judgment appealed from should be changed, and the supreme court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the supreme court; * * * ."

The judgment should be corrected and one entered on the verdict in favor of plaintiff and against defendant William J. Blake in the sum of $5,000.

Exceptions were reserved by defendants as to the admission of evidence, mostly as pertaining to the

defendants Cambas, Cart and Brier. The judgment is reversed as to said defendants and they are out of the case. Therefore, it is unnecessary to consider questions pertaining to the evidence as affecting such defendants. We find no prejudicial error in the admission of evidence as to the defendant William J. Blake.

The judgment of the circuit court will be corrected, by eliminating all that part thereof for punitive damages, and affirmed as to general damages in favor of plaintiff and against defendant William J. Blake in the sum of $5,000.

COSHOW, C. J., BROWN and BELT, JJ., concur.