Reuben G. LENSKE, Appellant,

v.

Magner Dale KNUTSEN and Judith Knutsen, Appellees.

No. 22207.

United States Court of Appeals Ninth Circuit.

April 15, 1969.

Rehearing Denied May 12, 1969.

Reuben Lenske, pro se.

Donald H. Pearlman (argued), of Keane, Haessler, Bauman & Harper, Portland, Or., for appellees.

Before POPE,* HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

This proceeding started out as a suit brought by the United States to foreclose a mortgage held by Farmers' Home Administration, an agency of the United States. The mortgagor-defendant was appellee Magner Knutsen, and appellant Lenske was joined as one claiming interest in the property. The rights and interests of the United States are not involved here. The dispute before us resulted from a cross-claim filed by Knutsen against Lenske asserting a right to be adjudicated owner of the property subject to the Government mortgage and charging Lenske with fraud in depriving him of title. In the District Court judgment was rendered in favor of Knutsen. His rights to the property were established and judgment against Lenske for fraud was rendered in the sum of $250 as general and $5,000 as punitive damages. This appeal followed.

The background of Knutsen's claim of fraud, briefly, is as follows:

Lenske had been Knutsen's attorney. Knutsen testified that on Lenske's advice he had deeded the property to one Heddon and wife (under the assumption that the grantees were fictitious) in order to

---

* While Judge Pope participated in the hearing of this case, he died prior to the preparation of this opinion.

prevent his former wife from reaching it to satisfy her claim for an accrued support obligation. It was his understanding that the property would be retransferred to him by Lenske as soon as his financial difficulties were at an end. When he sought to secure retransfer Lenske refused, stating either that he couldn't or wouldn't. Knutsen, learning that the Heddons were not fictitious, went to them seeking retransfer and was told that they had no knowledge of the deed to them. They refused to clear the title since they did not wish to get involved in the dispute between Knutsen and Lenske. At this point, Knutsen ceased making payments to the Government on the mortgage under the theory that he couldn't see any sense in buying property for Lenske or the Heddons.

Lenske's contention was that Knutsen owed him money for loans made and legal services rendered, and that the deed was actually given as security for these obligations. He asserted that the property was deeded to Heddon because Lenske had borrowed money from Heddon for use in paying off certain of Knutsen's debts.

The District Court found that there was no agreement that the transfer was as security for money owing to Lenske; that there was no proof as to advances made by Lenske or the value of services rendered. (Until the last moment Lenske had refused to testify on the ground that his testimony might serve to incriminate him.) The court concluded that Lenske was in breach of his fiduciary duties in withholding transfer of the property to Knutsen and that Knutsen was entitled to cancellation of the deed to the Heddons.

■ The findings are not clearly erroneous and fully support the court's conclusions.

Certain of Lenske's assignments of error can be briefly disposed of.

■ The trial judge did not err in refusing to disqualify himself. The affidavit of disqualification (in its sweeping conclusion that all Oregon judges were prejudiced by reason of adverse publicity suffered by Lenske in another matter) was inadequate as matter of law.

Lenske has no one but himself to blame for the fact that he was not present at the pretrial conference.

■ Lenske's demand for jury trial was not timely and no abuse of discretion appears from the court's refusal to excuse tardiness.

■ The court neither erred nor abused its discretion in rejecting Lenske's offer of a document for purposes of impeachment since the document related to collateral matters.

■ The District Court's finding as to the time of Knutsen's discovery of Lenske's fraud is not clearly erroneous and provides support for its conclusion that Knutsen's claim was not barred by the statute of limitations.

Other assignments of error require discussion.

Lenske contends that the District Court was without jurisdiction to entertain Knutsen's cross-claim of fraud.

Rule 13(g), F.R.Civ.P., provides in part:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action."

In asserting fraud Knutsen claimed relief in two respects. First, he sought to be established as owner of the property subject to the rights of the Government as mortgagee and to be entitled to any surplus from judicial sale. In this respect his claim related to the property that was the subject of the Government

suit, and it was properly the subject of a cross-claim under Rule 13(g). See 3 Moore's Federal Practice, ¶ 13.34, pp. 94–95 (1968), and cases cited.

Knutsen's claim for relief in money damages arose out of the same facts and simply sought full remedy for the fraud that was properly the subject of the cross-claim respecting title. Under these circumstances, jurisdiction existed over the money claim considering the spirit of the rule and its purpose to avoid multiplicity of suits arising out of a single set of facts. See Report of the Advisory Comm. on Rules for Civil Procedure, 5 F.R.D. 433, 446 (1946).

Lenske contends that if the court had jurisdiction over Knutsen's cross-claim it should also have entertained a cross-claim interposed by Lenske against Knutsen for fraud in the sale to Lenske of an unrelated piece of property. This claim, however, had no relation either to the original transaction or to the property that was the subject of the Government suit.

Appellant next challenges the award of damages. State law governs the award both as to general and punitive damages. Davenport v. Mutual Benefit Health & Accident Association, 325 F.2d 785 (9th Cir. 1963).

Lenske claims that there was no proof that his fraud caused Knutsen to suffer money damage. In this we agreed with Lenske.

The damages specified by Knutsen arose as a result of the Government foreclosure and include moneys paid out by virtue of Knutsen's having to defend in that proceeding and to pay rent to the Government for occupancy of the premises after decree. Knutsen reasons that it was Lenske's fraud that caused him to stop making payments on the mortgage and that this in turn brought about the foreclosure.

We cannot accept this explanation. The foreclosure was due to Knutsen's default on an obligation he owed. Lenske's wrongful claim to the property did not, without more, relieve Knutsen of that obligation. The Heddons had already disclaimed any interest in the property and Knutsen's dispute with Lenske could have been resolved directly rather than by suffering default on his obligation. He was, under Oregon law of subrogation, fully protected in his right to recover his payments should Lenske prevail upon the issue of title. Fogarty v. Hunter, 83 Or. 183, 162 P. 964 (1917). In any event, Lenske's claim on the property was for security only and can hardly be said to have justified Knutsen in his view that payments to the Government would amount to buying the property for Lenske or the Heddons.

We conclude that no proof was made of general damages attributable to Lenske's fraud and that the District Court was in error in granting judgment in the sum of $250 in this respect.

As a consequence, under long established Oregon law, Knutsen was not entitled to recover punitive damages. Such damages are not proper in absence of a showing of a right to compensatory recovery which is more than purely nominal. Martin v. Cambas, 134 Or. 257, 293 P. 601 (1930); Coates v. Slusher, 109 Or. 612, 222 P. 311 (1924).

The District Court is reversed in allowance of money damages to Knutsen. In other respects, judgment is affirmed. No costs are allowed.