**SEATTLE AUDUBON SOCIETY, et al., Plaintiffs,**

v.

**James LYONS, in his official capacity as Assistant Secretary of Agriculture, et al., Defendants.**

and

**Washington Contract Loggers Association, et al., Defendant–Intervenors.**

**SAVE THE WEST, Plaintiff,**

v.

**James LYONS, et al., Defendants.**

**NATIVE FOREST COUNCIL, Plaintiff,**

v.

**Bruce BABBITT, et al., Defendants.**

**The SIERRA CLUB, Plaintiff,**

v.

**Michael ESPY, et al., Defendants.**

Nos. C92–479WD, C94–758WD, C94–803WD and C94–820WD.

United States District Court, W.D. Washington, at Seattle.

Aug. 5, 1994.

Todd D. True, Victor M. Sher, Sierra Club Legal Defense Fund, Seattle, WA, Peggy

Hennessy, Portland, OR, for plaintiff Seattle Audubon Soc., a non-profit corp.

Todd D. True, Victor M. Sher, Sierra Club Legal Defense Fund, Seattle, WA, for plaintiffs Washington Environmental Council, a non-profit corp., Pilchuck Audubon Soc., a non-profit corp., Nat. Audubon Soc., a non-profit corp., Portland Audubon Soc., a non-profit corp., The Wilderness Soc., a non-profit corp., Headwaters, a non-profit corp., Klamath Forest Alliance, a non-profit corp., Northcoast Environmental Center, a non-profit corp.

Todd D. True, Victor M. Sher, Sierra Club Legal Defense Fund, Seattle, WA, Michael D. Axline, Western Environmental Law Center, Eugene, OR, for plaintiff Lane County Audubon Soc., a non-profit corp.

Todd D. True, Victor M. Sher, Sierra Club Legal Defense Fund, Seattle, WA, Gary K. Kahn, Reeves, Kahn & Eder, Peggy Hennessy, Portland, OR, for plaintiff Forest Conservation Council, a non-profit corp.

Gary K. Kahn, Reeves, Kahn & Eder, Peggy Hennessy, Portland, OR, for plaintiff Save the West.

John S. Karpinski, Vancouver, WA, Stephen M. Truitt, Washington, DC, for plaintiff Native Forest Council.

Gregory Thomas Costello, Riddell, Williams, Bullitt & Walkinshaw, Seattle, WA, for plaintiff the Sierra Club, a non-profit corp.

Payton Smith, Davis Wright Tremaine, Seattle, WA, for intervenor California Forestry Ass'n.

Christopher Lee Pickrell, U.S. Attys. Office, Seattle, WA, Beverly Sherman Nash, Stephen J. Odell, U.S. Dept. of Justice, Environment and Natural Resources Div., General Litigation Section, Washington, DC, for defendants James R. Moseley, in his official capacity as Asst. Secretary of Agr. for Natural Resources and Environment, U.S. Forest Service.

Christopher Lee Pickrell, U.S. Attys. Office, Seattle, WA, Wells D. Burgess, U.S. Dept. of Justice, Environment and Natural Resources Div., General Litigation Section, Washington, DC, for defendant Michael

Espy, in his official capacity as Secretary of Agr.

Mark C. Rutzick, Law Offices of Mark C. Rutzick, Portland, OR, for intervenors-defendants Washington Contract Loggers Ass'n, Burgess Logging Co. Inc., Lone Rock Timber Co. Inc., Jackie Bryan Cox, Freres Lumber Co. Inc., Norman V. Persons, A. Troy Reinhart, Gregory A. Miller.

John James Leary, Jr., James R. Hennessey, Smith & Leary, Seattle, WA, Mark C. Rutzick, Law Offices of Mark C. Rutzick, Portland, OR, for intervenor-defendant Northwest Forest Resource Council.

## ORDER GRANTING LEAVE TO FEDERAL DEFENDANTS TO AMEND ANSWER TO ASSERT CROSS–CLAIMS, DENYING MOTION TO JOIN ADDITIONAL PARTIES, AND MAKING OTHER PROVISIONS

DWYER, District Judge.

## I. INTRODUCTION

In these consolidated cases environmental groups challenge the legality of a forest management plan adopted on April 13, 1994, by the Secretaries of Agriculture and Interior. The federal defendants are the two Secretaries, the United States Forest Service, the Bureau of Land Management, and officials of the latter two agencies. The plan was adopted in response to an injunction entered herein on July 2, 1992. (No. C92–479, Dkt. # 181). *See Seattle Audubon Soc'y v. Moseley,* 798 F.Supp. 1484 (W.D.Wash.1992), *aff'd sub nom. Seattle Audubon Soc'y v. Espy,* 998 F.2d 699 (9th Cir.1993). Northwest Forest Resource Council ("NFRC") is a defendant-intervenor in No. C92–479. In its motion for leave to intervene, which was granted, NFRC stated that it "represents the interests of the forest products industry in major regional timber supply issues in the Pacific Northwest"; that it was also a defendant-intervenor in a predecessor case in this court, No. C89–160 (*see Seattle Audubon Soc'y v. Evans,* 771 F.Supp. 1081 (W.D.Wash.1991), *aff'd,* 952 F.2d 297 (9th Cir.1991)); and that it would present evidence and arguments "as to the substantive adequacy of the [1992] Forest Service plan." (Dkt. ## 21, 22). In its answer in intervention, NFRC sought judgment upholding the 1992 administrative action. (Dkt. # 48). NFRC now opposes the 1994 management plan. While this litigation remained in progress NFRC filed, with other industry representatives as co-plaintiffs, two lawsuits in the United States District Court for the District of Columbia, challenging the legality of the new plan. These were *NFRC v. Thomas,* Civil No. 94–1032 (TPJ) (D.D.C.), and *NFRC v. Dombeck,* Civil No. 94–1031 (TPJ) (D.D.C.). In the *Thomas* and *Dombeck* cases NFRC asserted claims against the Forest Service and the Bureau of Land Management, respectively. Another group, not including NFRC, filed a similar lawsuit in the same court. *Association of O & C Counties v. Babbitt,* Civil No. 94–1044 (TPJ) (D.D.C.). The court in the District of Columbia granted the federal defendants' motion to transfer *NFRC v. Thomas* to this district, noting that "related cases involving similar challenges to the same Rule of Decision are currently pending in the Western District of Washington," and stating that the transfer "will best serve the convenience of the parties and the interests of justice in avoiding a waste of limited resources and preventing a duplicative review of the same complex administrative decision and a *potentially inconsistent award of relief.*" *See* Order in C94–1060 (June 30, 1994) (Dkt. # 1). The court declined on venue grounds to transfer the other two cases but ordered them stayed to "prevent a duplicative waste of judicial resources and prevent the award of potentially inconsistent relief by separate courts." *See* Order in Civil No. 94–1031 (TPJ) (D.D.C.) (June 30, 1994); and Order in Civil No. 94–1044 (TPJ) (D.D.C.) (June 30, 1994). Thus, the court in the District of Columbia agreed with an earlier statement by this court that "[i]t is clear that all legal challenges to the ROD [i.e., the record of decision adopting the plan] should be decided in the same district and reviewed by the same court of appeals." (Dkt. # 426).

After the transfer order was entered in *NFRC v. Thomas,* but before the federal defendants filed their answer in that case, NFRC and its co-plaintiffs filed a notice of voluntary dismissal under Fed.R.Civ.P.

41(a)(1)(i). (Dkt. # 486). The federal defendants now move for an order joining NFRC and its thirteen co-plaintiffs in the recently-dismissed *Thomas* action as parties herein, so that all challenges to the 1994 plan can be resolved in the same district and circuit.[1]

To simplify matters, briefing was limited by court order to whether the federal defendants should be granted leave to amend their answer to assert declaratory judgment cross-claims against NFRC, without bringing in additional parties, and to questions related to that possibility. (Dkt. # 500). All materials filed have now been fully considered.

## II. PURPOSE OF TRANSFER

When litigation over the same controversy is fragmented among districts and circuits all parties suffer, especially where issues of great public importance are at stake. For this reason, among others, 28 U.S.C. § 1404(a) provides for changes of venue "[f]or the convenience of parties and witnesses, in the interest of justice." The Supreme Court has held that the venue statute

> should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just.

*Van Dusen v. Barrack,* 376 U.S. 612, 624, 84 S.Ct. 805, 813, 11 L.Ed.2d 945 (1964).

Pursuant to the venue statute the court in the District of Columbia transferred *NFRC v. Thomas* to this district. NFRC and its co-plaintiffs now seek to defeat the transfer order by dismissing their claims in *Thomas* while asserting similar claims in *NFRC v. Dombeck,* which the District of Columbia court has stayed so that the issues can be decided here. It is obvious that once the cases in this district were decided NFRC would ask that the *Dombeck* stay be lifted, and would be free to refile *NFRC v. Thomas.*

If this tactic were to succeed, the result would be duplicative, expensive, and prolonged litigation. The environmentalists' challenges to the forest plan, and those raised by the industry groups, are largely interrelated. Both sides, for example, contend that the agencies have failed to consider or respond to scientific information; both argue over application of the wildlife "viability requirement"; and so on. To adjudicate one set of challenges in the Ninth Circuit, and the other set in the District of Columbia Circuit, would inflict intolerable delay, expense, and confusion on the public. The federal courts must make the justice system work sensibly. As stated in Fed.R.Civ.P. 1, the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

## III. CROSS–CLAIMS FOR DECLARATORY JUDGMENT

Under 28 U.S.C. § 2201(a) a federal district court may award declaratory relief in "a case of actual controversy within its jurisdiction." The "actual controversy" requirement is the same as the "case or controversy" requirement under the Constitution. *Société de Conditionnement v. Hunter Engineering,* 655 F.2d 938, 942 (9th Cir.1981). The issues presented must be justiciable and the claimants must have standing to seek relief. *Western Mining Council v. Watt,* 643 F.2d 618, 623 (9th Cir.1981). The controversy "must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Hunter Engineering,* 655 F.2d at 943 (*quoting Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). The party suing must have "suffered some actual or threatened injury" which can be " 'fairly traced to the challenged action' and 'is likely to be re-

---

1. The United States Court of Appeals for the Ninth Circuit has reviewed the major decisions made in this district and in the District of Oregon relating to Forest Service and BLM management of the "owl forests." *See, e.g., National Audubon Soc'y v. U.S. Forest Service,* 4 F.3d 832 (9th Cir.1993); *Seattle Audubon Soc'y v. Espy,* 998 F.2d 699 (9th Cir.1993); *Portland Audubon Soc'y v. Babbitt,* 998 F.2d 705 (9th Cir.1993); *Lane*

*County Audubon Soc'y v. Jamison,* 958 F.2d 290 (9th Cir.1992); *Seattle Audubon Soc'y v. Evans,* 952 F.2d 297 (9th Cir.1991); and *Portland Audubon Soc'y v. Lujan,* 884 F.2d 1233 (9th Cir.1989). The Supreme Court has reviewed two cases in which a 1989 enactment by Congress was upheld as a temporary amendment of the environmental laws. *Robertson v. Seattle Audubon Soc'y,* 503 U.S. 429, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992).

dressed by a favorable decision.'" *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (citation omitted).

These requirements are clearly met here. The federal defendants are faced with important and substantial claims by NFRC and its co-plaintiffs. These claims will surely be litigated; they will not evaporate. Because the claims are related to those pending herein, the federal defendants will encounter multiple adjudications of their rights and duties unless relief is afforded. There is an actual controversy; the federal defendants face an obvious and major threatened injury; and the injury would be redressed in the event of a favorable decision. The federal defendants thus have standing to seek declaratory relief.

■ The next question is whether the federal defendants' claims for declaratory relief may be asserted as cross-claims against NFRC. Fed.R.Civ.P. 13(g) allows as a cross-claim

> any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action.

NFRC as an intervenor-defendant is a co-party with the federal defendants herein. If NFRC wished to do so, it could amend its answer to plead cross-claims against the federal defendants, challenging the legality of the 1994 plan; the federal defendants could not deflect such a pleading by contending that they were no longer "co-parties" with NFRC. The same must be true when the

cross-claims are pleaded in the other direction. That disputes may arise between co-parties is recognized by Rule 13(g). It makes no difference that the 1992 forest plan has been dropped; both plans are parts of the same evolving controversy, and the "occurrence that is the subject matter" of the action is federal management of the forests that contain spotted owl habitat. The policy of Rule 13(g) is to avoid multiple suits. *See Lenske v. Knutsen,* 410 F.2d 583 (9th Cir. 1969). The "transaction or occurrence" standard is expansive, akin to the "logical relationship" test. *See* 6 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure,* 2d ed., §§ 1431 and 1432. The standard is satisfied here.[2]

The pleadings establish that all federal defendants in No. C92–479—the Secretary of Agriculture, United States Forest Service, Secretary of the Interior, and Bureau of Land Management—are co-parties with NFRC. *See* Dkt. ## 48, 444, and 483. Those defendants should have leave to plead cross-claims against NFRC for declaratory relief as to all claims asserted by NFRC in the recently-dismissed case of *NFRC v. Thomas* and in the stayed case of *NFRC v. Dombeck.*[3]

## IV. MOTION TO JOIN ADDITIONAL PARTIES

■ NFRC and its co-plaintiffs in *Thomas* and *Dombeck* are represented by the same counsel and make the same allegations. A full and fair adjudication of the issues, including appellate review with *stare decisis* effect, can be provided. There is no need to require a joinder of the thirteen co-plaintiffs when

---

**2.** Because the proposed cross-claims arise from the occurrence that is the subject matter of the original action, it is not necessary to decide whether they would also be proper under Rule 13(g) as "relating to any property that is the subject matter of the original action." It should be noted, however, that the "property" alternative extends not just to foreclosure proceedings but to other situations, e.g., to cross-claims among claimants to a common fund. *See* 6 Wright, Miller & Kane, *supra,* at § 1432, p. 252 and n. 18.

**3.** NFRC's eleven claims in *Dombeck* duplicate claims asserted in *Thomas* except for three

claims alleging violations of the Oregon and California Lands Act, 43 U.S.C. § 1181a. Those three are so closely related to the other statutory claims that all should be decided together if possible. Given the presence of the other claims, venue can be placed in this district. *See, e.g., Beattie v. United States,* 756 F.2d 91, 100–104 (D.C.Cir.1984); 15 Wright, Miller & Cooper, *supra,* at § 3808. The pendency of *Dombeck* is not an obstacle to a declaratory judgment suit, especially where the court in the District of Columbia has stayed the lawsuit so the issues can be decided in this district. *See* 9 Wright, Miller & Kane, *supra,* at § 2578, pp. 626–630.

NFRC is already a party herein. The federal defendants' motion to join them is therefore denied with leave to NFRC's co-plaintiffs to intervene or seek to file amicus briefs, as provided below. It should be noted, however, that if cross-claims against NFRC were not allowed as provided in section III of this order, above, joinder under Rule 19(a) could provide an appropriate remedy.

## V. CONCLUSION

For the reasons stated, it is ordered that:

1. The federal defendants in No. C92–479 have leave to amend their answer by August 12, 1994, to assert cross-claims against intervenor-defendant NFRC for declaratory judgment as to each claim asserted by NFRC in *NFRC v. Thomas* (recently dismissed) and *NFRC v. Dombeck* (stayed);

2. The federal defendants' motion to join additional parties is denied;

3. All co-plaintiffs of NFRC in the *Thomas* and *Dombeck* cases have leave to file answers and cross-claims as defendant-intervenors herein by August 17, 1994, and, if they do not become parties, to apply at any time for leave to file briefs amicus curiae;

4. The August 18, 1994, date for filing summary judgment motions (*see* Dkt. # 518) is vacated; and

5. Counsel for all parties are directed to confer and submit by August 17, 1994, a joint report proposing a revised schedule for the prompt completion of these cases. Any differing views should be set forth in separate paragraphs; separate reports are not to be filed.